Mark Angelo CONTRERAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–007–CR.

Court of Appeals of Texas,
Austin.

Sept. 21, 1983.

C.W. Pearcy, San Marcos, for appellant.

William M. Rugeley, Crim. Dist. Atty., San Marcos, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Appellant Mark Angelo Contreras appeals the trial court's judgment, based upon a guilty plea made pursuant to a plea bargain agreement, which convicted him of "robbery" [1] and sentenced him to five years confinement in the Texas Department of Corrections. In his one ground of error appellant contends that the sentence imposed was not the disposition for which he had bargained. We agree and therefore reverse the judgment.

■ Where a plea bargain agreement is breached, even if inadvertently and in good faith, a defendant is entitled to either specific enforcement of the original bargain, or an opportunity to withdraw his plea of

1. Texas Pen.Code Ann. § 29.02 (1974).

guilty. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Ex parte Williams,* 637 S.W.2d 943, 947 (Tex.Cr. App.1982). The State here contends that appellant got what he bargained for, since he was sentenced to what is commonly referred to as "shock probation." Appellant contends that shock probation is not what he had agreed to accept. To show the context in which the disagreement arose, we quote at length from the Statement of Facts, as follows:

[at the August 19, 1982 hearing]

THE COURT: Do you wish to plead guilty to the offense of robbery, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Now robbery is a second degree felony in this state and, if found guilty of the robbery, your punishment would be assessed at not less than two nor more than twenty years confinement in the Texas Department of Corrections and you could be assessed a fine not to exceed ten thousand dollars. Do you understand sir? Do you wish to plead guilty to robbery?

THE DEFENDANT: Yes, sir.

THE COURT: And what is the District Attorney's recommendation?

MR. GRAZIER: Your Honor, we would merely recommend probation for the defendant, leaving all other terms and conditions up to the Court.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Other than the District Attorney's recommendation has anyone by persuasion caused you to enter this plea?

THE DEFENDANT: No.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Has anyone promised you anything to plead guilty, other than the State's recommendation of probation?

THE DEFENDANT: No, sir.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Now the District Attorney in this case is recommending pro-

bation. That is his only recommendation. That means that I could place you on probation for two years up to ten years. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I can assess a fine in this case of up to ten thousand dollars. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: I could send you to the Texas Department of Corrections for a period of a hundred and eighty days before I let you out on probation. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I could also put you in the County jail of Hays County, Texas for up to thirty days as a condition of your probation. You understand that?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Do you understand that the District Attorney's recommendation is not binding upon me. I don't have to accept it. I don't have to give you probation. Do you understand that?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: If I do not accept the District Attorney's recommendation I will give you the opportunity to withdraw your plea of guilty to robbery.... Do you understand that?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

[at the October 19, 1982 hearing]

THE COURT: [At the August 19th hearing] the court heard evidence and took note that the State recommended probation with the term of probation being left entirely to the discretion of the Court, together with any fine that might be assessed, which could be up to ten thousand dollars and the specific terms of probation.

\* \* \* \* \* \*

THE COURT: Court will advise the defendant it will accept the recommendation of the District Attorney.... However, with the range of punishment and the terms which the Court previously advised you under which I would consider a recommendation of the District Attorney, the Court is not going to grant point blank probation for the term that it's going to assess in this case. In other words, shock probation will be considered in this case and it will be granted.

[I]t is the judgment of the Court that you are in fact guilty of robbery, the lesser included offense alleged in the indictment, and that your punishment should be assessed at five years in the Texas Department of Corrections.... Now the Court has accepted the recommendation of the District Attorney, which means that the Court at a period of time not less than sixty nor more than a hundred and eighty days from this date will consider you eligible for probation after having served a period of time in the Department of Corrections.

\* \* \* \* \* \*

Now, Mr. Contreras, the thing that is going to happen is that from a period of time not less than sixty days or more than one hundred and eighty days from this date I intend to consider your eligibility for probation at that time. Your attorney is going to file a motion asking that you be taken out of the Department of Corrections and placed on probation for the remainder of your five years. The Department of Corrections is going to send a statement. A report of your activities while you have been down there. If that report is favorable, the Court will consider you eligible for shock probation. Do you understand, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Now does the defendant have anything to say why sentence should not be pronounced on this date?

MR. PEARCY [defense counsel]: Your honor, I would like to make a motion for New Trial and try this case before

a jury because I don't believe the Court has gone along with the District Attorneys [sic] recommendation, if you are sent to the penitentiary and not placed on probation and later placed on probation. The State's recommendation is not a deferred probation and therefore should be allowed to withdraw our plea and go to the jury and let this young man try his case to the jury.

THE COURT: That motion is premature. The Court having heard nothing in bar of pronouncement of the sentence on this date it's therefore the order of the Court that the Defendant, Mark Angelo Contreras, is to be remanded to the sheriff of Hays County and to be by him immediately transported to the Texas Department of Corrections to thereby be confined for a period of five years, according to the judgment of the Court.

In its written order the trial court assessed punishment "at confinement in the Texas Department of Corrections for five (5) years."

■ Before accepting a plea of guilty, the trial court must inquire as to the existence of any plea bargain agreement, and must inform the defendant whether it will follow such agreement. Tex.Code Cr.P. Ann. art. 26.13(a) (Supp.1982). If the court rejects the agreement, the defendant must be permitted to withdraw his plea of guilty. *Id.* Here, the trial judge never expressly asked whether a plea bargain agreement existed; he apparently presumed that there was an agreement that appellant would plead guilty to robbery[2] in exchange for the State's recommendation. Neither party objected to this conclusion.

At trial the State recommended "probation." Texas Code Cr.P.Ann. art. 42.-12(2)(b) (Supp.1982) provides as follows: "Probation" shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the *imposition of sentence is suspended* .... [emphasis added]

While the trial court may require as a condition of probation "that the defendant submit to a period of detention in a penal institution," such detention may "not ... exceed 30 days or one-third of the sentence whichever is lesser." *Id.* art. 42.12(6b) (1979). Authority for the imposition of shock probation is found at *id.* art. 42.-12(3e)(a) (Supp.1982), which in relevant part follows:

Jurisdiction of a court in which *sentence requiring confinement in the Texas Department of Corrections is imposed* for conviction (of a felony) shall continue for 180 days from the date the execution of the sentence actually begins, the judge of the court that *imposed such sentence* may ... suspend further execution of the *sentence imposed* and place the defendant on probation .... [emphasis added]

■ From the above we deduce that sentencing a defendant to confinement in the Texas Department of Corrections with a possibility of later shock probation breaches a plea bargain agreement which calls for probation. This is true because probation entails *suspension* of sentence, while a condition precedent to a court's shock probation jurisdiction is an actual *imposition* of sentence. In determining the scope of a plea bargain, it is improper to use a subjective standard; the test is, whether the circumstances when viewed objectively would lead one in the position of defendant to reasonably conclude that the bargain was as he interprets it. *See United States v. Thomas,* 593 F.2d 615, 623 (5th Cir.1979). We hold as a matter of law that where a defendant is sentenced to confinement with a possibility of later shock probation, following a plea of guilty based upon an offer of probation, the plea bargain is breached.

■ The State does not here contend that appellant, in the plea bargain negotiations, expressly agreed to accept a recommendation of shock probation in exchange for a plea of guilty. It only asserts that "[n]either the State's recommendation nor the Court's admonishment mislead [sic] the

2. Appellant was indicted for "aggravated robbery." Tex.Pen.Code Ann. § 29.03 (1974).

defendant into believing that Shock Probation was not a possibility in the Court's sentencing prerogatives." We have already noted that the State's recommendation most probably misled appellant. The State points to the judge's admonition to appellant that he could sentence appellant to what amounts to shock probation. When considered in context, the statement could be interpreted as an explanation of one option available to the judge if he chose not to accept the district attorney's recommendation and if appellant chose not to withdraw his plea. The court's admonition was at best ambiguous. Also, the focus here must be on the prosecutor's recommendation. A plea bargain is an agreement made between the prosecution and the defendant; the trial judge's role is to approve or reject the agreement. *See Ex parte Williams, supra.* It is not the trial judge's function to modify the terms of the plea bargain agreement. *See id.*

From the foregoing, it is clear that appellant did not get that for which he bargained. Relief for the failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending on the circumstances in each case. *Joiner v. State,* 578 S.W.2d 739 (Tex. Cr.App.1979). Here, appellant admits that he pleaded guilty based upon a belief that he would be assessed a probated sentence. We have no way of knowing whether the trial judge would have accepted the plea had it realized that shock probation was not one alternative available under the bargain. We therefore remand the case and order that the trial judge either grant appellant probation, or grant appellant an opportunity to withdraw his plea. The judgment of the trial court is reversed, and the case is remanded.