**Ex parte Charlie Elvis PATTERSON**

**No. 69669.**

Court of Criminal Appeals of Texas, En Banc.

March 11, 1987.

Charlie Elvis Patterson, pro se.

Henry Wade, Dist. Atty., and Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

The record shows that on February 22, 1983, the applicant pled guilty to two felony offenses of aggravated robbery in Cause Numbers F–8290248 and F–8290212 in the 292nd Judicial District Court. The trial court admonished the applicant and heard the evidence. The trial court then reset the causes for an adjudication of guilt and assessment of punishment on March 3, 1983. On March 4, 1983, the trial court found the applicant guilty of both offenses and sentenced him to two concurrent terms of imprisonment of 25 years in the Texas Department of Corrections. In the instant application, the applicant challenges the validity of both convictions.

This is the applicant's second application for a writ of habeas corpus. The first was filed while these causes were still on direct appeal. This Court denied that application because no action was necessary. After his convictions became final, the applicant filed another application. On January 9, 1985, this Court entered an order to the trial court to hold an evidentiary hearing to allow the applicant to prove his allegations.

This Court also ordered the trial court to make findings of fact and conclusions of law and then return the record to this Court.

On January 31 and February 7, 1985, the trial court conducted an evidentiary hearing. The record was then returned to this Court on November 12, 1986. However, the transcript failed to include the trial court's findings of fact and conclusions of law. On February 11, 1987, this Court ordered the trial court to make its findings and conclusions. This application was held in abeyance until the trial court complied with the order. On February 25, 1987, the trial court complied, and a complete record was returned to us.

In his application, the applicant contends that his pleas of guilty were involuntary because they were induced by a plea bargain, a condition of which was impossible to perform. Applicant asserts that he was promised, as part of the plea bargain, that he could serve his federal parole first. He states that he relied on this when he pled guilty. As a result, the applicant stated that his pleas of guilty were not knowing and voluntary.

In its written response to the instant application, the State argued that this case involved two "open pleas", wherein there was no agreement between the parties as to the sentence which the trial court decided to assess. Therefore, the State claims there was no plea bargain agreement.

The record before us supports the argument of the State. The applicant's trial counsel and the State's prosecutors testified at the January 31 and February 7, 1985 evidentiary hearings. This testimony established that applicant was not promised that he could serve his state prison sentence in a federal prison. Applicant's plea in state district court was not premised on, or related to, a federal parole revocation. There was no plea bargaining agreement between applicant and the State.

Applicant's trial counsel's testimony at the hearings confirms the first two conclusions. He stated:

"I advised Mr. Patterson that if he became a federal prisoner at that time he would be delivered to the Federal Marshall *but it had nothing to do with the Cause Numbers at the tops of the pages."* (emphasis supplied).

Trial counsel summarized the advice which he gave the applicant:

"My advice to Mr. Patterson was that if he became a federal prisoner at or about the time that I was representing him that I would try to get him into the federal system to serve his federal time before his state time and that's the only representation that I could ever make to him because he did not have any federal time when I represented him and to my way of knowledge, he still does not have any federal time.

"I never told him that he could serve his Texas Department of Corrections time in the federal institution."

Trial counsel testified he had the impression that the applicant appeared to know this "very well".

The two State's prosecutors, who were responsible for the applicant's aggravated robbery cases, also testified at the hearings. Both the supervising prosecutor and the trial prosecutor stated that this was an open plea, which meant there was no plea bargain agreement and the trial court could set whatever punishment it felt was appropriate. The supervising prosecutor also testified that,

"I didn't have the authority to and I would not have plea bargained for him to serve his federal parole first ...

"I can tell you that I never did that in all my years prosecuting. I never did agree to that because I never had the authority."

The last witness at the evidentiary hearing was the applicant. He testified that he informed his trial counsel he would plead guilty if his state sentence ran concurrently with his federal sentence, and he was allowed to serve his time in the federal penitentiary. According to applicant's testimony, his trial counsel assured him that whatever time he received would run concurrently with his federal sentence, with his federal sentence being served first. Applicant stated, "That was the only reason I signed that plea bargain agreement and pled guilty." He also testified that if his trial counsel's testimony were true, there would have been no plea bargain and he would not have pled guilty.

The trial court's findings of fact and conclusions of law resolve the dispute between the applicant, and the attorneys who defended and who prosecuted him. The trial court found that the applicant's contention was not supported by the evidence. The trial court also found that "applicant entered a voluntary plea of guilty without benefit of a plea bargaining agreement."

We agree with the trial court that this was an open plea of guilty without a plea bargaining agreement. The applicant agreed to plead guilty and accept whatever sentence the trial court decided to assess from the entire range of punishment for these offenses. There was no plea bargain on punishment. There is no issue in this case, then, about applicant's ability to evaluate a plea bargain; there was no bargain. *Ex parte Gibautich,* 688 S.W.2d 868, at 872 (Tex.Cr.App.1985). Applicant's plea was not unknowing or involuntary.

The relief for which applicant prays is denied.

TEAGUE, J., dissents and would order the trial judge who conducted the hearing in this cause to make more findings of fact on the issue that is before this Court to resolve.