Gent v. Hon McAdams 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-172-CV

        JERRELL GENT,
                                                                              Relator
        v.

        HONORABLE WILLIAM L. McADAMS, JUDGE,
        12TH DISTRICT COURT, MADISON COUNTY,
        TEXAS,
                                                                              Respondent
 

 ORIGINAL PROCEEDING 
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Relator Gent seeks a writ of mandamus against the Honorable William L. McAdams,
presiding judge of the 12th District Court, Madison County, and against the Honorable Allen
Stilley, visiting judge, ordering specific performance of what Gent characterizes as a plea
agreement. Because we believe the only remedy available to Relator under the circumstances is
to withdraw his plea, we deny issuance of the writ.
          Relator was indicted for the offense of aggravated possession of marijuana in Madison
County in October 1987. In January 1991, Relator entered into a plea agreement with the district
attorney which essentially provided that Relator would plead guilty to a lesser charge of
aggravated possession of marijuana and that Judge Stilley would personally assess the sentence on
March 29 following a punishment hearing. The parties had agreed that the State would make no
recommendation as to punishment, and the agreement did not include the maximum punishment
to be assessed. Thus, the agreement was more in the nature of an "open plea" of guilty rather than
an actual plea-bargain agreement. See Ex parte Patterson, 726 S.W.2d 146, 147 (Tex. Crim.
App. 1987); Ex parte Gibauitch, 688 S.W.2d 868, 872 (Tex. Crim. App. 1985). Prior to Relator
entering his plea, Judge Stilley contacted Judge McAdams regarding his acceptance of the plea,
including that part of the agreement specifying that Judge Stilley would preside at the punishment
hearing. Judge McAdams consented to Judge Stilley's assessing punishment. Judge Stilley then
informed Relator that he could comply with the agreement that he personally would assess the
punishment. Judge Stilley accepted Relator's plea and set the sentencing for March 29.
          On February 11, Judge McAdams notified the parties in open court that, although he had
approved the agreement entered on January 31, he had since changed his mind and was in a
position to take back the case. Relator objected, insisting on specific performance of the plea
agreement, particularly that portion of the agreement which provided that Judge Stilley would hear
the evidence on punishment and sentence Relator. Judge McAdams then contacted Judge Stilley
and requested that Judge Stilley recuse himself from the case. Judge Stilley accordingly recused
himself from Relator's case, without stating any grounds for the recusal. 
          Relator now contends (1) that he is entitled to specific performance of the plea agreement
because Respondents had a ministerial, non-discretionary duty to enforce the agreement as it was
approved by both parties and both judges and (2) that mandamus is the only remedy available to
him. Relator attached to his petition the statements of fact of hearings held on January 31,
February 11 and March 11, as well as an affidavit of Judge Stilley setting forth the facts leading
to his recusal. Judge McAdams has acknowledged that he contacted Judge Stilley and that as a
result of their conversation Stilley agreed to the recusal. 
          The effect of Judge Stilley's recusal is to render performance of the plea agreement
unenforceable. The State, however, has repeatedly pointed out that Relator is free to withdraw
his plea in light of Judge Stilley's recusal.
          The law is well-established that a defendant is entitled to specific performance of a plea
agreement, if it can be enforced. Perkins v. Court of Appeals, 738 S.W.2d 276, 282-83 (Tex.
Crim. App. 1987). If the agreement cannot be enforced, the defendant is entitled to withdraw his
plea. Id. at 283. However, it is equally well-settled that a plea-bargain agreement should be
solely between the State and the defendant, requiring only the court's approval. See Ex parte
Williams, 704 S.W.2d 773, 777 n.6 (Tex. Crim. App. 1986); Contreras v. State, 658 S.W.2d
334, 338 (Tex. App.—Austin 1983, no pet.); Ex parte Williams, 637 S.W.2d 943, 947 (Tex.
Crim. App. 1982). It violates public policy for the court to inject itself into the terms of a plea
agreement by becoming a party to the agreement, as occurred in this case, rather than simply
approving or rejecting the terms already agreed upon by the parties. See Contreras, 658 S.W.2d 
at 338; Ex parte Williams, 637 S.W.2d at 947.
          We cannot declare Judge Stilley's recusal void. When a defendant enters into a plea
agreement that is unenforceable, the defendant is entitled to withdraw the plea. Ex parte
Chandler, 684 S.W.2d 700, 701 (Tex. Crim. App. 1985). Moreover, Judge Stilley's voluntary
recusal was a discretionary, as opposed to ministerial, act for which Relator has an adequate legal
remedy. See Texas Bd. of Pardons and Paroles v. Miller, 590 S.W.2d 142, 143 (Tex. Crim. App.
1979). The agreement is thus not enforceable by mandamus. See Perkins, 738 S.W.2d at 284. 
When Relator insisted that Judge Stilley be a party to the plea agreement, he assumed the risk that
something might occur to render the judge's participation impossible, thus invalidating the entire
agreement. Relator's remedy for Judge Stilley's recusal is to withdraw his plea. 
          We deny the petition and decline to issue the writ.
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Writ of mandamus denied
Opinion delivered and filed October 30, 1991
Do not publish 



;                                                     FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 9, 2001
Do not publish