Jimmy Roger **OLDHAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 10–94–078–CR, 10–94–079–CR.

Court of Appeals of Texas, Waco.

March 15, 1995.

Ross Teter, Dallas, for appellant.

Jenne in deciding whether to purchase the motel.

John C. Vance, Crim. Dist. Atty., Dallas, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## ORDER

PER CURIAM.

On April 18, 1991, Jimmy Roger Oldham pleaded guilty to driving while intoxicated in cause number 10–94–078–CR. *See* Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp. 1995) (current version at Tex.Penal Code Ann. § 49.04 (Vernon 1994)). Pursuant to an agreement between the State and Oldham, the court sentenced him to five years' imprisonment and a $1,000 fine, both probated. In January 1994 the State moved to revoke Oldham's probation based on a D.W.I. arrest in December 1993. Without an agreement as to punishment, he pled true to the allegation and the court revoked his probation on February 23, 1994, imposing a sentence of five years' incarceration and a $500 fine. The same day Oldham entered an "open" guilty plea to the indictment charging him with the December 1993 D.W.I. in cause number 10–94–079–CR. *See Ex parte Patterson*, 726 S.W.2d 146, 148 (Tex.Crim.App.1987) (an "open" plea is one in which there is "no plea bargain agreement and the trial court could set whatever punishment it felt was appropriate"). The court accepted his plea and again sentenced him to five years' imprisonment and a $500 fine.

Oldham appealed on March 9. The transcripts were filed in this court on May 3. No statement of facts has been filed. Our clerk sent a letter to Oldham's retained attorney on July 26, notifying him that no brief had been filed in either cause. *See* Tex.R.App.P. 74(*l*)(2). Because his attorney did not respond to the letter, we abated the appeals to the trial court for a determination of Oldham's intent and financial status. *See id.* Although no record has been filed from the required trial court hearing, Oldham's attorney filed motions to withdraw as appellate counsel on February 21, 1995, accompanied by briefs which raise no points of error. The attorney's entire statement regarding the merits of Oldham's appeals consists of identical assertions:

## THE RECORD OF TRIAL DOES NOT REFLECT ANY ARGUABLE POINT OF ERROR.

Appellant's counsel has reviewed the record of trial without finding an error that can arguably support a point of error.

■ Were we dealing with an appointed attorney, we would conclude that Oldham's attorney has failed to fulfill his duties under federal constitutional standards. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Johnson v. State*, 885 S.W.2d 641 (Tex.App.—Waco 1994) (interlocutory orders on *Anders* briefs). However, Oldham's attorney is retained. Therefore, the *Anders* safeguards do not apply and we do not have the same supervisory role in guaranteeing the attorney's representation. *See Johnson*, 885 S.W.2d at 645. *Anders* applies to ensure that "indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase...." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). Therefore, when a defendant is represented by a retained attorney, he has obtained all that *Anders* is designed to assure.

■ Because Oldham's attorney is retained, we will not question his assertion that there are no arguable points to be raised as we would with an appointed attorney. *See id.* Rather, we evaluate counsel's request based on the Texas Rules of Appellate Procedure. *See* Tex.R.App.P. 7. The rules provide that counsel shall be allowed to withdraw "upon such terms and conditions as may be deemed appropriate by the appellate court." *Id.* At a minimum, however, the motion to withdraw must be accompanied by a showing that a copy of the motion was furnished to the party and that the party was informed of the impending deadlines. *Id.* We deem one additional condition to be appropriate—counsel is required to provide us with an address for the appellant in the cause. *See id.*

Oldham's attorney states in the motion to withdraw that he has served a copy of the motion and brief on Oldham. Thus, he has met the minimum requirements of Rule 7. *See id.* However, he has not provided us with a current address for Oldham. Before we grant the motion to withdraw, we must receive from counsel a certification of the last known address for his client. Upon receipt of this certificate, the motion to withdraw will be granted.

We expect to receive this certificate within ten days of the date of this order.