NUMBER 13-03-219-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







LUIS RIVERA IV, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 36th District Court


of San Patricio County, Texas.






O P I N I O N



Before Justices Hinojosa, Yañez, and Castillo




Opinion by Justice Castillo



 A jury convicted appellant Luis Rivera IV of injury to a child, a first degree felony. (1) 
The trial court sentenced him to forty years confinement in the Institutional Division of
the Texas Department of Criminal Justice. The trial court has certified that this is not
a plea-bargain case, and Rivera has a right to appeal. See Tex. R. App. P. 25.2(a)(2). This
appeal ensued. We affirm. 

I. PROCEDURAL BACKGROUND


 A grand jury indicted Rivera on September 13, 2002 on two counts of injury to
a child. On September 20, 2002, by a document dated August 27, 2002, a Corpus
Christi law firm entered its appearance as Rivera's retained counsel. In a motion to
substitute counsel filed January 10, 2003 and signed by Rivera, the law firm informed
the trial court that "Defendant no longer desire[d] to be represented by" the firm. That
same day, the trial court ordered substitution of a second retained trial lawyer. The jury
trial began March 19, 2003 and concluded March 20. The trial court assessed
punishment and signed a judgment on April 7, 2003. By letter to the trial court dated
April 4, 2003 and filed April 11, Rivera asked for appointment of appellate counsel. (2) 
Rivera's retained trial counsel filed a notice of appeal on Rivera's behalf on April 21,
2003. On August 18, 2003, a third lawyer filed with this Court a notice of his
substitution as Rivera's retained counsel, noting that he "was hired to represent
Appellant in this appeal." (3) 

 We twice granted substitute retained counsel's extensions to file the appellant's
brief, the second time to October 8, 2003. On October 7, 2003, counsel filed a motion
for leave to withdraw as Rivera's appellate counsel. In the motion, counsel represented
that he could "find no meritorious issues to bring forward for review." In a brief in
support of his motion for leave to withdraw, counsel provided a detailed statement of
the case and summary of the facts and evidence at trial. In a section of the brief entitled
"Possible Issues in the Case," counsel informed this Court that he could find no
procedural errors in the trial. He noted that the evidence is factually and legally
sufficient to support the verdict. He acknowledged that the only possible issue in the
case was the trial court's exclusion of testimony regarding what the defense argued was
the "general mental state" of the victimized child's mother. Counsel concluded,
however, that "it is not likely the error had any significant impact on the jury's verdict." 

 On October 16, 2003, following receipt of the motion to withdraw, Rivera notified
this Court he desired to file a pro se brief. He requested an extension of time to do so. 
He did not ask for a copy of the record. We granted Rivera's motion on October 30,
2003 and informed him that we "will expect the pro se brief to be filed by January 5,
2004, and will not look favorably upon any further extensions of time in this cause." On
November 7, 2003, Rivera requested that "as soon as I'm appointed legal counsel, that
a copy of every thing [sic] you send me be given to him so that he or she could better
help prepare my brief." On November 10, 2003, Rivera filed a bevy of motions: (1)
declaring himself indigent and requesting appointment of appellate counsel; (2) again
requesting that a copy of all communications be sent to his new counsel as soon as one
is appointed; (3) requesting that a copy of the complete appellate record be sent to him
so that he may prepare his pro se brief; and (4) requesting all forms needed to declare
himself indigent so as to obtain court-appointed counsel. We notified Rivera that the
motions would be carried with the case. 

 Construing counsel's brief in support of his motion to withdraw as the appellant's
brief, we notified the parties that the case was to be submitted without oral argument
on March 1, 2004. Rivera has not filed a pro se brief. 

II. DISPOSITION


A. Motion to Withdraw


 The constitutional protections afforded indigent appellants with
appointed counsel do not apply to an appellant who has retained counsel. See
Anders v. California, 386 U.S. 738, 744-45 (1967); see also Sossamon v. State,
110 S.W.3d 57, 61 (Tex. App.-Waco 2002, no pet.) (per curiam); Craddock v. State,
38 S.W.3d 886, 887 (Tex. App.-Waco 2001, no pet.) (per curiam); Nguyen v. State,
11 S.W.3d 376, 379 (Tex. App.-Houston [14th Dist.] 2000, no pet.); Pena v. State, 932
S.W.2d 31, 32 (Tex. App.-El Paso 1995, no pet.); Oldham v. State, 894 S.W.2d 561, 562
(Tex. App.-Waco 1995, no pet.) (per curiam). Anders ensures that "indigent defendants
have the benefit of what wealthy defendants are able to acquire by purchase. . . ." 
Oldham, 894 S.W.2d at 562. An appellant represented by a retained attorney has
obtained all that Anders is designed to assure. Id. Thus, only appointed counsel is
required to file an Anders brief. Retained counsel is not required to do so. See
Nguyen, 11 S.W.3d at 378. Moreover, an attorney, whether appointed or retained, is
under an ethical obligation to refuse to pursue a frivolous appeal. See McCoy v. Court
of Appeals of Wisconsin, 486 U.S. 429, 435 (1988); see also Tex. Disciplinary R. Prof'l
Conduct 3.01; Pena, 932 S.W.2d at 32. 

 A retained attorney, on determining that an appeal is frivolous, must inform this
Court that the appeal has no merit and seek leave to withdraw by filing a motion
complying with rule 6.5 of the rules of appellate procedure. See Pena, 932 S.W.2d at
32; see also Tex. R. App. P. 6.5; Oldham, 894 S.W.2d at 562 (addressing former rule 7). 
The only issue before us is whether the motion to withdraw satisfies the requirements
of rule 6.5. See Oldham, 894 S.W.2d at 562; see also Nguyen, 11 S.W.3d at 379; accord
Pena, 932 S.W.2d at 33; Mays v. State, 904 S.W.2d 920, 923 n.1 (Tex. App.-Fort
Worth 1995, no writ). 

 The motion to withdraw filed by Rivera's counsel: (1) lists the deadline for filing
appellant's brief (rule 6.5(a)(1)); (2) provides Rivera's current address through the
Institutional Division of the Texas Department of Criminal Justice (rule 6.5(a)(2)); and
(3) certifies that counsel delivered a copy of the motion to Rivera (rule 6.5(a)(3)). By
Rivera's motions filed with this Court, which includes a form counsel provided to Rivera
along with a copy of the motion, we conclude that counsel effected delivery under
rule 6.5(b). However, the motion does not state that counsel notified Rivera in writing
of the right to object to the withdrawal as required by rule 6.5(a)(4). See Tex. R. App. P.
6.5(a)(4). Accordingly, we deny counsel's motion to withdraw. 

B. Indigency


 The record reflects no indigency determination by the trial court. To the
contrary, the record affirmatively reflects that Rivera retained not one but two trial
lawyers. Also, Rivera was not indigent in August of 2003 when he retained his current
counsel. He asserted his indigency only after his retained appellate counsel found no
merit in his appeal. We find that Rivera is not entitled to any presumption that his
indigency status has changed so as to trigger further inquiry under rule 38.8(b) of the
rules of appellate procedure. See Tex. R. App. P. 38.8(b). 

 Further, in his motions Rivera has vacillated about whether he desires to
represent himself or whether he wants to be represented by counsel. See Sossamon,
110 S.W.3d at 61 (recognizing in dicta that pro se appellant may be entitled to "standby"
appellate counsel). A trial court may appoint "standby" counsel for a defendant
proceeding pro se. Neal v. Texas, 870 F.2d 312, 315-16 (5th Cir. 1989). However, we
have found no authority applying to a pro se appellant the right a criminal defendant
enjoys to "standby" counsel at trial. Even so, appointment of "standby" counsel at trial
is discretionary, not mandatory. Id. The Sixth Amendment right to self-representation
may not be exercised simply to delay the orderly procedure of the courts or to interfere
with the fair administration of justice. Degroot v. State, 24 S.W.3d 456, 457 (Tex.
App.-Corpus Christi 2000, no pet.) (citing Thomas v. State, 550 S.W.2d 64, 68 (Tex.
Crim. App. 1977); Parker v. State, 545 S.W.2d 151, 156 (Tex. Crim. App. 1977)).  In any
event, Rivera is represented by counsel until we permit his current retained counsel to
withdraw. We have declined to do so. It is well settled that a criminal defendant has
no right to hybrid representation. Ex parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim. App.
2001); Sossamon, 110 S.W.3d at 61. 

 C. Decision on the Merits


1. Liberal Construction of Brief


 Usually, when no appellant's brief has been filed in a criminal appeal, we abate
to the trial court for a hearing as provided by rule 38.8(b)(3) to determine whether the
appellant desires to prosecute the appeal, the appellant's indigency status, if the
appellant is represented by counsel who will diligently pursue the appeal, or if there is
a need to appoint new counsel. See Tex. R. App. P. 38.8(b)(3). Rule 38.8(b)(4) provides
that we may not dismiss or consider a criminal appeal without briefs unless the trial
court finds that the appellant no longer desires to prosecute the appeal or that the
appellant is not indigent but has not made the necessary arrangements for filing a brief. 
However, a criminal defendant may not use the right to counsel to manipulate the
judicial process or to interfere with the administration of justice. Wallace v. State,
618 S.W.2d 67, 70 (Tex. Crim. App. 1981). Rule 38.8(b) was designed to protect an
appellant in a criminal case from the failure of counsel to file a brief. It was not
designed to protect a non-indigent appellant from retained counsel's determination that
the appeal is frivolous. 

 Rule 38.8(b)(4) also provides, under appropriate circumstances, that "the
appellate court may consider the appeal without briefs, as justice may require." Tex. R.
App. P. 38.8(b)(4); see Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994)
(affirming conviction on record alone where appellant failed to file pro se brief after
being properly admonished). However, it long has been the practice to liberally
construe briefs to obtain a just, fair, and equitable adjudication of the rights of the
litigants. See In re L.M.I., 119 S.W.3d 707, 733 & n.14 (Tex. 2003) (Owen, J., concurring
and dissenting). Indeed, our rules mandate liberality in construction. Id.; see Tex. R.
App. P. 38.9. Accordingly, we have construed retained counsel's brief in support of his
motion to withdraw as appellant's brief. 

 We are not required to question retained counsel's assertion that the appeal lacks
merit in law or fact as we must if counsel were appointed. Pena, 932 S.W.2d at 33. 
Rivera's counsel has identified only evidentiary error as a "Possible Issue in the Case." 
Accordingly, we construe Rivera's sole issue to be a challenge to the trial court's
exclusion of testimony of the "general mental state" of the victimized child's mother. 

2. Evidentiary Analysis


 The record shows that Rivera sought to introduce evidence about the outcome
of a reported act of sexual misconduct charged by the mother against a male relative. 
Evidence developed by Rivera in a bill of exception indicates that the testimony would
have been by a family member that the mother, sixteen years old at the time of the
incident, decided not to press charges. Rivera argued that the evidence was relevant
and admissible to prove that the mother was a troubled young woman who was
capable of hurting her own child. 

a. Evidentiary Standard of Review


 We review a trial court's admission or exclusion of evidence under an
abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim.
App. 1990). An abuse of discretion occurs when the trial court acts arbitrarily or
unreasonably, without reference to guiding rules or principles. Id. at 380. In other
words, an abuse of discretion occurs only when the trial court's decision is so wrong
as to lie outside that zone within which reasonable persons might disagree. Id. A trial
court has a "limited right to be wrong." Id. Our inquiry on appeal is whether the result
was reached in an arbitrary or capricious manner. Id. 

b. Rules of Admissibility


 To be admissible, evidence must be relevant. Tex. R. Evid. 402. Relevant
evidence is evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than
it would be without the evidence. Tex. R. Evid. 401. Although relevant, evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, misleading the jury, by considerations of undue
delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403; Mozon
v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). In other words, rule 403 favors
the admission of relevant evidence and carries the presumption that relevant evidence
will be more probative than prejudicial. Phelps v. State, 5 S.W.3d 788, 795 (Tex.
App.-San Antonio 1999, pet. ref'd). In reviewing the trial court's balancing of probative
value with prejudice, we reverse the trial court's judgment "rarely and only after a clear
abuse of discretion." Id. (citing Montgomery, 810 S.W.2d at 379). 

3. Application of the Rules of Admissibility to the Excluded Evidence


 The excluded evidence did not have any tendency to make the existence of any
fact of consequence to a determination of Rivera's guilt either more or less probable
than it would have been without the evidence. See Tex. R. Evid. 401. Accordingly, we
find no abuse of discretion if the trial court excluded the evidence as irrelevant. See
Mozon, 991 S.W.2d at 846-47. Further, even if the excluded evidence was relevant, we
find no abuse of discretion if the trial court excluded the evidence because its probative
value was substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury. See Tex. R. Evid. 403; see also Phelps, 5 S.W.3d at 795. 
We find no merit in the issue. We hold that the trial court did not abuse its discretion
in excluding the evidence. See Montgomery, 810 S.W.2d at 380. As construed, we
overrule Rivera's sole issue. 

III. CONCLUSION


 We deny retained counsel's motion to withdraw. See Tex. R. App. P. 6.5. We
deny Rivera's motions as moot. See Ashcraft v. State, 900 S.W.2d 817, 830-31 (Tex.
App.-Corpus Christi 1995, one pet. ref'd, one pet. dism'd) ("Once an appellant has
retained an attorney, the court is entitled to look solely to the attorney and is not
required to consider pro se motions."). We affirm the judgment and sentence of the
trial court. We order counsel to inform Rivera promptly of the disposition of this case
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997). (4) 


 ERRLINDA CASTILLO

 Justice


Publish. 

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 11th day of March, 2004.
1. See Tex. Pen. Code Ann. § 22.04 (Vernon 2003). 
2. The record does not contain any affidavit of indigency or an order appointing appellate counsel.
No indigency proceedings are reflected in the record. We note that the court reporter certified that the
cost of the record was to be paid by the defendant. 
3. The notice of substitution of counsel notes that the attorney who filed the notice of appeal was
appointed by the trial court, but this observation is not supported by the record. 
4. We also note the potential availability of habeas corpus review. See Tex. Code Crim. Proc.
Ann. arts. 11.07, 11.08 (Vernon 1977 & Supp. 2004); see Cooper v. State, 45 S.W.3d 77, 81 n.2 (Tex. Crim.
App. 2001).