Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





NANETTE RAMIREZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-05-00386-CR



Appeal from


 143rd District Court


of Reeves County, Texas


(TC # 99-06-0315-CRR)





O P I N I O N



 Nanette Ramirez, pro se, appeals an order revoking community supervision. Appellant was
convicted of theft by a public servant in 1999 and her punishment was assessed at imprisonment for
eight years. The trial court suspended the sentence and placed her on community supervision for five
years. The State later filed a motion to revoke, alleging multiple violations of community
supervision. Finding that Appellant had violated certain terms and conditions of community
supervision, the trial court revoked Appellant's community supervision and imposed sentence. 
Appellant filed a notice of appeal and was released on bond pending appeal. We affirm the judgment
of the trial court.

 After Appellant's retained attorney filed a motion to withdraw based on his conclusion that
the appeal is frivolous, (1) we directed the trial court to conduct a hearing to determine whether
Appellant wished to prosecute her appeal, whether she had retained new counsel, or whether she was
indigent and entitled to the appointment of counsel. The trial court conducted the hearing and
determined that Appellant still desired to prosecute her appeal and she was not indigent, but she had
retained Federal Prison Consultants, Inc. rather than hiring an attorney. The trial court cautioned
Appellant that Federal Prison Consultants is not licensed to practice law in Texas and urged her to
retain counsel to represent her on appeal. Based on these findings, we granted counsel's motion to
withdraw. Appellant has not retained an attorney and she has not filed a brief. Appellant has,
however, corresponded with the court and we have reviewed her letters to determine whether they
could be construed as her brief on appeal. She makes a number of factual assertions in her letters
but we are unable to consider them because they are not supported by the appellate record. See
Ex parte Preston, 833 S.W.2d 515, 519 (Tex.Crim.App. 1992)(op. on reh'g)(holding that assertions
in an appellate brief that are unsupported by the record will not be accepted as fact). Likewise, we
will not consider the newspaper and online articles which she has attached to one of her letters
because they are not part of the record. See Brown v. State, 866 S.W.2d 675, 678 (Tex.App.--Houston [1st Dist.] 1993, pet. ref'd)(refusing to consider material outside the record that was
improperly attached to party's appellate brief). We have liberally construed the letters but Appellant
raises no legal issues in them. Therefore, we decline to consider them as her brief on appeal.

 Consequently, we submitted the case without the benefit of briefs and, in the interest of
justice, reviewed the entire record for unassigned fundamental error. See Tex.R.App.P. 38.8(b)(4);
Lott v. State, 874 S.W.2d 687, 688 (Tex.Crim.App. 1994). Having found no unassigned fundamental
error, we affirm the judgment of the trial court.


June 21, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. The constitutional protections of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
are not applicable when a defendant has retained counsel. Pena v. State, 932 S.W.2d 31, 32 (Tex.App.--El Paso 1995,
no pet.); Oldham v. State, 894 S.W.2d 561, 562 (Tex.App.--Waco 1995, no pet.).