

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00134-CR

DONALD SHARP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 41164-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Donald Sharp entered an open plea of guilty[1] to the charge of driving while intoxicated (DWI) with a child passenger.[2] Three exhibits, consisting of a stipulation of evidence signed by Sharp, two offense reports, and medical records documenting injuries to one of the child passengers, were admitted into evidence without objection. The trial court sentenced Sharp to twenty months' incarceration.

In a single issue, Sharp claims the trial court erred in the admission and consideration of hearsay in connection with one of the offense reports to assess punishment. We affirm the judgment of the trial court.

## I.    Analysis

The admission of hearsay evidence is a question for the trial court to resolve, and we review this determination under an abuse of discretion standard. *Bryant v. State*, 282 S.W.3d 156, 163 (Tex. App.—Texarkana 2009, pet. ref'd). When the determination of evidentiary admissibility falls within the zone of reasonable disagreement, there is no abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Bryant*, 282 S.W.3d at 163. Further, the improper admission of hearsay evidence "does not constitute reversible error if the

---

[1]An open plea is one in which there is "no plea bargain agreement and the trial court could set whatever punishment it felt was appropriate." *Ex parte Patterson*, 726 S.W.2d 146, 148 (Tex. Crim. App. 1987); *Oldham v. State*, 894 S.W.2d 561, 562 (Tex. App.—Waco 1995, no pet.) (per curiam).

[2]Sharp's two nieces were seated in the front seat of his car at the time of the accident. Sharp admitted that he was speeding at the time of the accident and lost control of his car. Sharp's vehicle collided with a utility pole, ran through a garden and trellis, and then collided into the front porch steps and support columns of a residence. Thereafter, the vehicle ran through a chain-link fence and finally came to rest when it collided into a second utility pole. One of the children suffered impact injuries from the vehicle's airbag. The record does not indicate whether the second child was injured in the accident. The offense of DWI with a child passenger is a state jail felony. TEX. PENAL CODE ANN. § 49.045 (West 2011).

same facts are proved by other, properly admitted evidence." *Maranda v. State*, 253 S.W.3d 762, 769 (Tex. App.—Amarillo 2007, pet. dism'd, untimely filed) (quoting *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986)).

One of the items of evidence admitted by the State without objection was the report of Officer Jeremy Higginbotham of the Longview Police Department. A portion of this report was quoted by the State in its closing argument:

> By Donald asking the girls to lie for him Donald commanded the attention of my investigation to notice and point out how blatant Donald's disregard was for the children's safety and wellbeing he was responsible for. Donald did not accidently overlook or become lazy concerning the children's safety. He acted in a way to purposely ignore the children's safety. Donald made an effort to hold his safety and his wellbeing above and beyond that of the two children who were his responsibility and who were . . . his passengers and who were in the vehicle.

Sharp objected to the quoted reference as read by the State in closing argument, stating, "I make an objection to that testimony. I realize it was admitted under the offense report, that is -- that would be hearsay under that situation and make an objection to that in the argument." The trial court overruled the objection, reasoning that the quoted statement "was admitted as part of the offense report and as part of the guilty plea."

Sharp acknowledges on appeal (as he did in the trial court) that the offense report from which the referenced statement was quoted was previously admitted without objection. He maintains, however, that fact should not act as a waiver of his later objection to the State's reading of a portion of the report in closing argument. In support of this contention, Sharp relies on *Sims v. State*, 326 S.W.3d 707 (Tex. App.—Texarkana 2010, pet. struck), and *Marquez v. State*, 921 S.W.2d 217 (Tex. Crim. App. 1996). Sharp cites these cases in support of the

3

proposition that a guilty plea—even an open plea of guilty—waives some rights, but not all rights. In this regard, *Sims* stands for the proposition that a waiver of the right to appeal is ineffective when such waiver was entered before the defendant knew what the punishment would be. *Sims*, 326 S.W.3d at 710. *Marquez*, among other things, held that the trial court did not abuse its discretion in refusing to permit the defendant to withdraw his waiver of a right to jury trial on the day of trial. *Marquez*, 921 S.W.2d at 223. Neither of these cases support the proposition that the failure to object to hearsay evidence is not waived when a subsequent objection is made to the same evidence.

Sharp further maintains that the Higginbotham report was offered by the State at the same time as the stipulation of evidence, the initial police report, and the medical evidence. He points out that most plea bargain and open plea cases are conducted in a similar fashion. However, when it became clear that the State made the officer's comments their central theme in closing argument, an appropriate hearsay objection was raised. Sharp posits that to expect trial counsel to object to any matter in the packet of documents in such a plea situation or forever be restrained from raising an objection is fundamentally unfair. While this Court is not unsympathetic to Sharp's conundrum, we are bound to follow existing precedent.

Any error in admitting evidence must have been preserved by a timely, specific request, objection, or motion. *See* TEX. R. APP. P. 33.1; *Skeen v. State*, 96 S.W.3d 567, 575 (Tex. App.—Texarkana 2002, pet. ref'd). Here, Sharp signed written plea admonishments in which he waived "confrontation and cross-examination of the witnesses" and consented to "oral and written stipulations of evidence." Sharp also stated that he had "[n]o objection" to the admission into

4

evidence of the Higginbotham offense report. Because Sharp waived any objections to the offense report at the outset of the trial, his subsequent objection to the State's reading a portion of that report in closing argument was properly overruled.[3]

## II.    Conclusion

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:      February 8, 2013
Date Decided:        February 11, 2013

Do Not Publish

---

[3]Further, any error in admitting evidence is cured where the same evidence comes in elsewhere without objection. *Skeen*, 96 S.W.3d at 575. Here, Sharp testified that he asked the children to lie about their position in the vehicle at the time of the accident in order to avoid further difficulty.