

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00042-CR

VAN DMARCREUS GRISSOM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23F1327-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Appellant, Van Dmarcreus Grissom, pled guilty to engaging in organized criminal activity and submitted his punishment to a Bowie County jury, which recommended life in prison. *See* TEX. PENAL CODE ANN. § 71.02 (Supp.). On appeal, Grissom claims that there was a plea agreement, but it lacked proper consideration and thus was unenforceable. Upon our review of the record and after hearing oral argument, we find that Grissom entered an open plea of guilty and elected for the jury to assess punishment.[1] We overrule Grissom's points of error and affirm the trial court's judgment.[2]

## I.      Background/Proceedings in the Trial Court

Grissom was a member of the Texarkana criminal street gang LCB.[3] He was indicted for engaging in organized criminal activity.[4] The State alleged in its indictment that Grissom, "pursuant to one scheme or continuing course of conduct," "as a member of a criminal street gang," committed the offense of money laundering where the total proceeds were valued at

---

[1]In fact, this is generally the default result of pleading guilty to a felony:

> Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury.

TEX. CODE CRIM. PROC. ANN. art. 26.14. That said, a defendant in this situation may still waive his right to a jury assessing punishment. *See Edwards v. State*, 273 S.W.3d 919, 922 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

[2]Grissom argues in his second point of error for the preservation of plea agreements as a policy matter. In light of our resolution of the first point of error, we need not reach the second.

[3]"Loyalty, Cash, Business." A law enforcement expert on gang activity and behavior testified that LCB was "the most prolific and violent and dangerous criminal street gang in Bowie County."

[4]*See* TEX. PENAL CODE ANN. § 71.02.

$300,000.00 or more. That offense is a first-degree felony with a minimum sentence of fifteen years' incarceration.[5]

## II.    Plea Agreements

In a spirited and informative oral argument, the parties agreed that there was a "plea agreement," but they differed on the issue of whether sentencing issues were reached in that agreement. At oral argument, Grissom argued that he did not receive consideration for his plea of guilty, in the form of less-than-maximum punishment.

In his brief, Grissom argues that the State and trial court did not honor the plea agreement between the parties. The Texas Court of Criminal Appeals has defined plea bargaining as:

> "Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has." . . . [I]t is the process where a defendant who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge. . . . "*[P]lea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence.*"

*Perkins v. Ct. of Appeals for Third Supreme Jud. Dist. of Tex., at Austin*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (orig. proceeding) (citations omitted) (emphasis added). Relying on this definition, the Texas Court of Criminal Appeals summarized,

> [I]t is clear that the plea bargain process requires (1) that an offer be made or promised, (2) by an agent of the State in authority, (3) to promise a

---

[5]*See* TEX. PENAL CODE ANN. §§ 34.02(e)(4), 71.02(b)(3).

3

recommendation of sentence or some other concession such as a reduced charge in the case, (4) subject to the approval of the trial judge.

*Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988).[6]  We review the record for these criteria to determine whether a plea agreement was in place and whether it was properly observed.

### III.    Grissom Entered an Open Plea

Grissom executed waivers of the following rights:   to receive and review further discovery; to challenge any irregularity in the indictment; to trial by jury; to the appearance, confrontation, and cross-examination of witnesses; to maintain his silence; and to the preparation of a presentence investigation.  He also executed a judicial confession.[7]

The State, Grissom's attorney, and the trial court also signed the following statement:

> We join and approve all the foregoing waivers of the defendant including the waiver of a jury trial, the stipulations of evidence and the making of a judicial confession.  In addition, the Court finds as a fact that the defendant is fully competent and this his plea is freely and voluntarily entered.

---

[6]*Wayne* dealt with the admissibility of inculpatory statements made to law enforcement.  Wayne was in custody and reached out to law enforcement for whom he wanted to be a "snitch."  *Wayne*, 756 S.W.2d at 733.  The record did "not show any express desire to negotiate" a plea agreement by Wayne, and "at most there [was] shown a general desire to appear as a worthy candidate for informant status at some unspecified future point in time."  *Id.*

[7]Grissom signed under the following statement:

> I agree that the Court may receive into evidence and consider my judicial confession which is as follows:  I have read the indictment or information filed in this case and I committed each and every allegation it contains.  I am guilty of the offense alleged as well as all lesser[-]included offenses as well as all enhancement allegations.  I swear to all of the statements and assertions that I have made in this 4 page set of plea papers, and I further swear that all testimony I give in this case will be the truth, the whole truth, and nothing but the truth, so help me God.

This judicial confession was sufficient to support his plea of guilty.  *See Breaux v. State*, 16 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (citing *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g)).

4

Where a defendant charged with a non-capital felony[8] wishes to waive his right to a jury trial, such waiver must be consented to and approved by the trial court "and the attorney representing the state." TEX. CODE CRIM. PROC. ANN. art. 1.13(a).

The record before us presents an open plea of guilty. An open plea is one where there is no plea-bargain agreement regarding punishment. *See Brumit v. State*, 206 S.W.3d 639, 641 (Tex. Crim. App. 2006) (trial court asked defendant, "Do you understand an open plea to the Court means there is no plea agreement between you and your attorney and the State's attorney?" and defendant agreed); *Ex parte Patterson*, 726 S.W.2d 146, 148 (Tex. Crim. App. 1987) (orig. proceeding) ("The applicant agreed to plead guilty and accept whatever sentence the trial court decided to assess . . . .").

Although the State waived its right to a jury trial, this was necessary to effectuate Grissom's jury trial waiver. "Under the Code of Criminal Procedure, a defendant may not unilaterally waive the right to a jury trial—the court and the State must consent to the waiver." *Ex parte Broadway*, 301 S.W.3d 694, 698 (Tex. Crim. App. 2009) (orig. proceeding). The State gave nothing else. It did not agree to a cap on punishment, it did not dismiss any other pending charges,[9] and it still obtained the maximum punishment available—a life sentence.[10] The record shows no evidence of any promise for "a recommendation of sentence or some other concession

---

[8]That is, a "criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right." TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Supp.).

[9]Throughout the clerk's record, most of the filings leading up to trial had four other cause numbers. There is no indication in the record before us that those cases were dismissed or otherwise resolved attendant to the cause number at bar.

[10]The State presented three days of testimony on punishment, proving up almost a decade of criminal conduct, including murders, drug dealing, and assaults.

such as a reduced charge in the case"[11] or that Grissom "relinquishe[d] his right to go to trial in exchange for a reduction in charge and/or sentence."[12]

Several items in the record further demonstrate that there was no agreement regarding punishment in place. When admonishing Grissom regarding his plea of guilty to the indictment and discussing the documents signed by Grissom and his attorney, the trial court stated, "This is not a plea[-]bargain case. So you have a right to appeal this. Do you understand that?" Grissom answered, "Yes, sir." The trial court asked whether, and Grissom agreed that, he was pleading guilty to the offense alleged in the indictment and "go[ing] to the jury for punishment." The trial court's certification under Rule 25.2 of the Texas Rules of Appellate Procedure states that Grissom's "is not a plea-bargain case, and the defendant has the right to appeal." In fact, there are two Rule 25.2 certifications. The first is file-stamped February 27, 2024, the date Grissom entered his plea of guilty and signed the various admonishment documents. On that date, the court conducted voir dire and selected a jury. On March 1,[13] after three days of testimony, the court executed an identical Rule 25.2 certification, save that the court hand wrote next to the above language "Punishment Only." Thus, to the extent there was a plea agreement in place, it was limited to the establishment of Grissom's guilt. No agreement was made as to punishment.

We find none of the elements of a plea agreement present regarding punishment. There is nothing in the record that evidences an offer or promise by someone clothed in the State's authority for a particular sentence. As there was no promise of anything by the State, there was

[11]*Wayne*, 756 S.W.2d at 728.

[12]*Perkins*, 738 S.W.2d at 282.

[13]On that date, the trial court held a hearing and revoked Grissom's community supervision on another case.

nothing presented for the trial court to approve. *See Wayne*, 756 S.W.2d at 728. The only bargained-for agreement was that Grissom plead guilty and waive his various rights, in exchange for the State to waive its right to a jury trial.

At oral argument, Grissom argued that there must have been some agreement as to punishment, because it would make no sense for him to receive the maximum punishment when he could have received the same had he gone to a jury trial on the matter of his guilt. The argument invites us to guess, in the absence of a record, that there was an agreement regarding punishment and that the agreement was for less punishment; or it invites us to assume that no one would enter an open plea without foreknowledge that he could receive less than the maximum punishment; or it invites us to invalidate an open plea that results in maximum punishment. All of those assertions are belied by the trial court's admonishment that no agreement was in place and Grissom still faced life in prison, the acknowledgement by Grissom's counsel in closing arguments that he anticipated the State would ask for a life sentence, and the fact that it is not unprecedented for a criminal defendant to acknowledge guilt and hope the sentencing jury will look kindly on the acceptance of responsibility. *See In re State ex rel. Tharp*, 393 S.W.3d 751, 757 (Tex. Crim. App. 2012) (orig. proceeding). In any case, whatever the reasons for his open plea, the record does not reveal any agreement as to Grissom's punishment, and that is the sole issue for our review.

Put simply, the record before us presents an explicit open plea, and an open plea does not implicitly guarantee any particular sentence.

7

**IV.      Conclusion**

The only plea agreement was as to guilt.  We find no agreement was reached regarding punishment.  We overrule Grissom's points of error.

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      January 7, 2025
Date Decided:        March 12, 2025

Do Not Publish