Leonardo Rodriguez PENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–94–00308–CR.

Court of Appeals of Texas,
El Paso.

May 25, 1995.

**32**

Roy E. Greenwood, Austin, for appellant.

Michael L. Fostel, Dist. Atty., Kermit, for appellee/State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION ON MOTION TO WITHDRAW

BARAJAS, Chief Justice.

This is an appeal from a negotiated plea of guilty to the offense of possession of more than 400 grams of cocaine with intent to deliver. The Court previously denied a motion to withdraw filed by counsel for Appellant. Upon reconsideration, the prior order denying the motion is vacated and the motion to withdraw is granted.[1]

Counsel, who is retained, maintains in his motion that after diligently and thoroughly evaluating the merits of this appeal, he has concluded that it lacks merit. For that reason, he does not intend to file a brief on appeal. Citing *Oldham v. State*, 894 S.W.2d 561, 562 (Tex.App.—Waco 1995, no pet. h.), he contends that he is not required to file a "frivolous appeal" brief because the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) do not apply since Appellant is not indigent. In *Oldham*, the Tenth Court of Appeals held that where counsel is retained on appeal, the procedural safeguards of *Anders v. California* do not apply, and an appellate court does not have the same supervisory role in guar-

anteeing the attorney's representation. *Oldham*, 894 S.W.2d at 562. The Court of Appeals held that it would not question retained counsel's assertion that there were no arguable points to be raised as it would with an appointed attorney. *Id.* Instead, the Court evaluated counsel's request to withdraw based on Rule 7 of the Texas Rules of Appellate Procedure. Although we conclude that *Oldham* is correctly decided and will follow it in this case, we believe that a more detailed discussion of the ethical requirements of counsel is warranted.

■■ An attorney, whether appointed or retained, is under an ethical obligation to refuse to prosecute a frivolous appeal. *McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988); TEX.DISCIPLINARY R.PROF.CONDUCT 3.01 (1989), *reprinted in* TEX.GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon Supp.1995) (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous); TEX.DISCIPLINARY R.PROF.CONDUCT 1.15(a)(1) (1989), *reprinted in* TEX.GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon Supp.1995) (a lawyer shall decline to represent or withdraw from the representation of a client if the representation will result in violation of applicable rules of professional conduct). If an attorney believes in good faith that there are no arguments he can make on his client's behalf, he is required to so advise the appellate court and seek leave to withdraw as counsel. *McCoy*, 486 U.S. at 436, 108 S.Ct. at 1901; *see* TEX.R.APP.P. 7. Before concluding that an appeal is frivolous, however, both retained and appointed counsel must make a diligent and thorough evaluation of the case. *McCoy*, 486 U.S. at 436, 108 S.Ct. at 1902. The appellate lawyer must master the trial record, thoroughly research the law, and exer-

---

1. In a prior communication, the Court incorrectly stated that Appellant had failed to timely file his notice of appeal. Our examination of the record reveals that Appellant filed the motion for extension of time with this Court on the 15th day following the due date of the notice of appeal, and he mailed the notice of appeal on the 15th day following its due date. Therefore, both doc-

uments were timely filed. TEX.R.APP.P. 4(b), 41(b)(1). Counsel raises a question in the motion with regard to whether the requirements of TEX.R.APP.P. 40(b)(1) were met by the notice of appeal filed in this case. We find this question premature since no briefs have been filed and we will not address it at this juncture.

cise judgment in identifying the arguments that may be advanced on appeal. *McCoy,* 486 U.S. at 438, 108 S.Ct. at 1902. While both retained and appointed counsel are governed by the same ethical obligations, only appointed counsel is required to satisfy the appellate court that he or she has diligently investigated the possible grounds of appeal. *See McCoy,* 486 U.S. at 438–39, 108 S.Ct. at 1902–03.[2] Consequently, retained counsel is not required to file an *Anders* brief with the motion to withdraw. *Oldham,* 894 S.W.2d at 562; *see McCoy,* 486 U.S. at 439, 108 S.Ct. at 1902.

 Even though we are not required to question retained counsel's assertion that the appeal lacks merit in law or fact as we would if counsel were appointed, we have reviewed the record in its entirety. *Oldham,* 894 S.W.2d at 562. Having done so, we are persuaded that counsel is correct in his assessment of this appeal's lack of merit. The only issue before us is whether the motion to withdraw satisfies the requirements of Rule 7. We conclude that it does. Counsel states in the motion that he has provided Appellant with a copy of the motion to withdraw. This satisfies the requirement that counsel notify Appellant of his intention to withdraw. Tex. R.App.P. 7; *see* Tex.Disciplinary R.Prof.Conduct 1.15(d) (1989), *reprinted in* Tex.Gov't Code Ann. tit. 2, subtit. G app. (Vernon Supp.1995). At the time the motion to withdraw was filed, there were no deadlines since the appeal had been abated. Therefore, counsel was unable to advise Appellant of any impending deadlines.

Having satisfied the requirements of Rule 7, our prior order denying the motion is vacated, and counsel's motion to withdraw is granted. Appellant's brief is due sixty days from the date of issuance of this opinion.

Counsel is directed to provide a copy of this opinion to Appellant, explain its consequences to him, and notify him of the deadline for filing his brief.

---

**2.** This is accomplished by the filing of a brief referring to anything in the record that might arguably support the appeal. *See McCoy,* 486 U.S. at 439, 108 S.Ct. at 1902; *Anders v. California,* 386 U.S. at 744, 87 S.Ct. at 1400. The *Anders* requirement was designed to provide appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability. *See McCoy,* 486 U.S. at 439, 108 S.Ct. at 1902. It assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase—a diligent and thorough review of the record and an identification of any arguable issues revealed by that review. *Id.* Thus, the *Anders* brief assists the appellate court in making the critical determinations whether the appeal is indeed so frivolous that the defendant has no federal right to have counsel present his or her case to the Court, and therefore, that appointed counsel should be permitted to withdraw. *Id.,* 486 U.S. at 439, n. 13, 108 S.Ct. at 1902, n. 13.