John Anderson NGUYEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–01037–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 13, 2000.

---

John Anderson Nguyen, Houston, for appellants.

Calvin A. Hartman, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant entered a plea of guilty to the felony offense of welfare fraud. Without a plea bargain agreement as to punishment, the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for two years. Appellant was represented on appeal by retained counsel. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that after a conscientious examination of the record, he determined the appeal to be wholly frivolous. Counsel also forwarded to appellant a copy of the brief and informed appellant of his right to proceed with the appeal *pro se* or hire another attorney to represent him on appeal. Appellant filed no response. After reviewing the record, we find the appeal lacks merit and affirm the judgment of the court below.

■■ In Texas, every person convicted of a crime has a statutory right to appeal.

. *See* TEX.CODE CRIM. P. ANN. § 44.02 (Vernon 1979); *Johnson v. State*, 885 S.W.2d 641, 644 (Tex.App.-Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the United States Constitution mandate that each criminal appellant, whether rich or poor, is guaranteed the right to counsel on a first appeal. *See Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him on appeal. *See McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). However, neither retained nor appointed counsel may consume the time and energy of the appellate court and the opposing party by asserting frivolous grounds. *See id.* An attorney, whether appointed or retained, is under an ethical obligation to refuse to prosecute a frivolous appeal. *See id.*; *Pena v. State*, 932 S.W.2d 31, 32 (Tex. App.-El Paso 1995, no pet.); TEX. DISCIPLINARY R. PROF. CONDUCT 3.01 (1989).

■■ Prior to concluding that an appeal is frivolous, both appointed and retained counsel must make a diligent and thorough evaluation of the case. *See McCoy*, 486 U.S. at 438, 108 S.Ct. 1895; *Pena*, 932 S.W.2d at 32. The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. *See McCoy*, 486 U.S. at 438, 108 S.Ct. 1895. If the attorney determines there are no arguments to be made on his client's behalf, he is required to so advise the appellate court and seek leave to withdraw as counsel. *See id.* at 438–439, 108 S.Ct. 1895.

■ While both appointed and retained counsel are governed by the same ethical requirements prohibiting the prosecution of frivolous appeals, only appointed counsel is required to satisfy the appellate court that he has diligently investigated the possible grounds of appeal. *See Johnson v. State*, 885 S.W.2d at 645. When an appointed attorney concludes that an ap-

peal lacks merit, he is required to inform the appellate court and request permission to withdraw from representation. *See McCoy,* 486 U.S. at 437, 108 S.Ct. 1895. In order to effectuate the withdrawal, the appointed attorney must file a motion to withdraw accompanied by a brief, now commonly called an *"Anders"* brief. *See Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The purpose of an *Anders* brief is to support appointed counsel's motion to withdraw by showing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High v. State,* 573 S.W.2d 807, 812 (Tex.Crim.App.1978).

■ In addition to an *Anders* brief, appointed counsel seeking to withdraw must file an exhibit demonstrating to the appellate court that the attorney has fulfilled his duty to inform his client by 1) providing his client a copy of the *Anders* brief, 2) informing the client that he has a right to file a brief on his own behalf, and 3) informing the client that he has a right to review the trial record. *See Johnson,* 885 S.W.2d at 646.

■ Once a motion to withdraw has been filed by appointed counsel, our duties as a reviewing court commence. We first send notice to appellant that appointed counsel has fulfilled the procedural requirements of *Anders* and that he may file a response within thirty days or seek an extension of time in which to file a response. *See Wilson v. State,* 955 S.W.2d 693, 695–696 Tex.App.-Waco 1997, no pet.). Once appellant files a response or the time for filing has expired, we conduct an extensive review of the record. *See id.* at 696. We confirm that the appointed attorney provided the client with a diligent and thorough search of the record for any arguable claims that might support the appeal. *See Johnson,* 885 S.W.2d at 646. Then, we must determine whether counsel was correct in concluding that the appeal is frivolous. *See McCoy,* 486 U.S. at 438, 108 S.Ct. 1895. If, after examining the brief and the trial record, we agree that the appeal is frivolous, we will grant the motion to withdraw, and the appointed attorney is thereafter discharged from representation. *See Johnson,* 885 S.W.2d at 647.

■ In contrast, the decision to withdraw from retained representation does not invoke federal constitutional concerns. *See id.* at 648. The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation. *See Jeffery v. State,* 903 S.W.2d 776, 780 fn. 3 (Tex.App.-Dallas 1995, no pet.); *Oldham v. State,* 894 S.W.2d 561, 562 (Tex. App.-Waco 1995, no pet.). *Anders* applies to ensure that "indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase." *See Oldham,* 894 S.W.2d at 562 (*citing McCoy,* 486 U.S. at 439, 108 S.Ct. 1895). When an appellant is represented by retained counsel, he has obtained that which *Anders* strives to assure. *See id.* Thus, the retained attorney is *not* required to file an *Anders* brief along with his motion to withdraw. *See Pena,* 932 S.W.2d at 33; *Mays v. State,* 904 S.W.2d 920, 923 fn. 1 (Tex. App.-Ft. Worth 1995, no pet.). In fact, we will strike an *Anders* brief filed by a retained attorney because the *Anders* procedural safeguards are not applicable. *See Johnson,* 885 S.W.2d at 648.

■ We evaluate retained counsel's request to withdraw based on the Texas Rules of Appellate Procedure. *See* Tex. R.App. P. 6.5. The rules provide that an appellate court may permit an attorney to withdraw from representation upon appropriate terms and conditions. *See id.* The motion to withdraw must be accompanied by a showing that a copy of the motion was furnished to appellant and appellant was informed of impending deadlines. *See id.; Oldham v. State,* 894 S.W.2d at 562. In addition, retained counsel seeking to withdraw is required to provide the appellate court with a current address for appellant. *See id.; Pena,* 932 S.W.2d at 33. Because

appellant's retained attorney met the minimum requirements of rule 6.5, we granted his motion to withdraw. Appellant has not informed this court of his intent to proceed on appeal *pro se* or to hire another attorney. Because appellant has not responded, we reviewed the record in its entirety. We agree with appellate counsel that the appeal lacks merit. *See Pena,* 932 S.W.2d at 33.

Accordingly, we affirm the judgment of the trial court.