

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00447-CR

GILBERT CHAGOLLA, JR.                                             APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

### FROM THE COUNTY COURT OF JACK COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant Gilbert Chagolla, Jr. appeals his conviction and 180-day sentence for possessing less than two ounces of marijuana.[2] We grant his counsel's motion to withdraw and affirm his conviction.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. § 481.121(b)(1) (Vernon 2010).

## Background Facts

The State charged appellant with possessing less than two ounces of marijuana. Appellant waived constitutional and statutory rights and pled nolo contendere, but the trial court deferred its adjudication of his guilt and placed him on a two-year community supervision term. The trial court's community supervision order included several conditions; for example, it required appellant to not commit further offenses, to perform fifty hours of community service at the rate of sixteen hours per month, and to pay a fine, fees, and costs. Appellant acknowledged that he received his community supervision conditions.

Several months after the trial court signed its community supervision order, the State filed a motion that alleged violations of the order and asked the trial court to adjudicate appellant guilty. Later, the State amended its motion to allege more violations.

At an evidentiary hearing on the State's motion, appellant pled "not true" to violating the community supervision order. But the State proved that appellant committed more offenses during his community supervision term and also violated the order in other ways. The parties made closing arguments, and the trial court found some of the allegations in the State's motion to be true,

adjudicated appellant guilty of possessing marijuana, and sentenced him to 180 days' confinement in jail.[3] Appellant filed notice of this appeal.

## Our Procedural Posture

Appellant's retained appellate counsel, David Martinez (who was also his trial counsel), has filed a motion to withdraw from his representation of appellant. Martinez has also filed a brief contending that, under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), there are no arguable issues to support appellant's appeal.

While an attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal, the procedural safeguards of *Anders* and its progeny do not apply to retained attorneys. *See McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988); *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Mays v. State*, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.). A retained attorney, on determining that an appeal is frivolous, must inform the court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule 6.5 of the rules of

---

[3]During his closing argument, appellant's counsel did not dispute that appellant had violated the community supervision order; instead, his counsel asked for a lenient sentence.

appellate procedure.  *Id.*; *see* Tex. R. App. P. 6.5; *Pena v. State*, 932 S.W.2d 31, 32 (Tex. App.—El Paso 1995, no pet.).  We must then determine whether the motion to withdraw satisfies the requirements of rule 6.5.  *See Pena*, 932 S.W.2d at 33.

Martinez's motion to withdraw from representing appellant meets the requirements of rule 6.5 because it lists the appeal's deadlines; contains appellant's name, last known address, and telephone number; includes a statement that a copy of the motion was delivered to appellant; and contains a statement that appellant was notified in writing of the right to object to the motion.  *See* Tex. R. App. P. 6.5(a).  Appellant has not objected to Martinez's motion to withdraw.  Therefore, we grant the motion.

### Appellant's Sole Issue

After Martinez asked to withdraw as appellant's counsel, appellant filed a pro se brief in which he raised one issue.[4]  The State did not respond to that brief.  Having granted Martinez's request to withdraw as counsel, we will now address appellant's issue.

Appellant argues that the trial court violated his right to procedural due process by failing to allow him to present evidence before it assessed his punishment.  He asserts that his mother was waiting outside of the courtroom

---

[4]Appellant has not specifically requested an opportunity to obtain new counsel in light of Martinez's April 26, 2010 motion to withdraw.

4

and would have testified on his behalf regarding sentencing.[5]   During the adjudication hearing, after the State finished questioning its sole witness and before the parties submitted their closing arguments, the State said that it closed "on this part of the trial."   The trial judge said, "Mr. Martinez?"   In response, Martinez, without calling any witnesses or asking to do so, also closed.   Thus, the record belies appellant's claim that the trial court did not give him an opportunity to present evidence; the record shows that appellant did not take advantage of the opportunity that the trial court gave to him.   Furthermore, due process complaints may be forfeited by not raising them at trial, and appellant failed to raise this due process argument at trial.   *See* Tex. R. App. P. 33.1(a); *Robinson v. State*, 310 S.W.3d 574, 577–78 (Tex. App.—Fort Worth 2010, no pet.); *Belt v. State*, 127 S.W.3d 277, 282 (Tex. App.—Fort Worth 2004, no pet.).   For these reasons, we overrule the sole issue raised in appellant's pro se brief.

Finally, we note that although an *Anders* brief was not required, after independently reviewing the entire record in the interest of justice, we agree with Martinez's determination that there are no arguable issues to support a meritorious appeal in this case.   *See Lopez,* 283 S.W.3d at 481; *Nguyen*, 11 S.W.3d at 380; *Pena*, 932 S.W.2d at 33.

---

[5]Martinez said at the beginning of the revocation hearing that appellant's mother would testify.

5

## Conclusion

Having granted Martinez's motion to withdraw and having overruled appellant's only issue, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE


PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 4, 2010