02-09-130-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO.  2-09-130-CR

 

 


 
 
 DOUGLAS RAY ONICK
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 372ND
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

On our own
motion, we withdraw our opinion and judgment of October 7, 2010, and substitute
the following.  

I.  Introduction and Background

After his
arrest following an undercover drug purchase, a grand jury indicted, and a jury
convicted Appellant Douglas Ray Onick for
intentionally or knowingly possessing more than one but less than four grams of
cocaine.[2] Appellant
pleaded true to a habitual offender notice, and the trial court sentenced him
to twenty-five years’ imprisonment.  In
four points, Appellant complains of alleged ineffective assistance of counsel,
disjunctive allegations in the indictment, fictitious witness testimony, and
insufficient evidence of possession.  We
affirm.

II.  Anders[3]
Brief and Motion to Withdraw by Appellant’s Retained Counsel

          An attorney, whether appointed or
retained, is under an ethical obligation to refuse to pursue a frivolous
appeal.  See McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 436, 108
S. Ct. 1895, 1901 (1988); see also
Tex. Disc. R. Prof’l Conduct 3.01.  Appellant’s retained counsel filed a motion
to withdraw as counsel and a brief in support of that motion.  But “the procedural safeguards of Anders and its progeny do not apply to
retained attorneys.”  Nguyen v. State, 11 S.W.3d 376, 379
(Tex. App.—Houston [14th Dist.] 2000, no pet.).  “This is so because by securing retained
counsel, the appellant has received all that Anders was designed to ensure.” 
Lopez v. State,
283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.).  Rather, a retained attorney, on determining
that an appeal is frivolous, must inform the court that the appeal has no merit
and seek leave to withdraw by filing a motion complying with rule 6.5 of the
rules of appellate procedure.  See Pena v. State, 932 S.W.2d 31, 32
(Tex. App.—El Paso 1995, no pet.); see
also Tex. R. App. P. 6.5.  We must
then determine whether the motion to withdraw satisfies the requirements of
rule 6.5.  See Pena, 932 S.W.2d at 33; Mays
v. State, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth
1995, no pet.).

          Here, counsel’s motion does not comply
with rule 6.5 because it does not state that counsel notified Appellant in
writing of his right to object to counsel’s motion to withdraw as required by
rule 6.5(a)(4).  See Tex. R. App. P. 6.5(a)(4); see also Rivera v. State, 130 S.W.3d
454, 458 (Tex. App.—Corpus Christi 2004, no pet.).  Accordingly, we deny counsel’s motion to
withdraw.  See Rivera, 130 S.W.3d
at 458.

However,
despite the deficiencies in counsel’s motion to withdraw, counsel did inform
Appellant of his right to file a pro se brief on his behalf, and Appellant
elected to do so.  Thus, we will consider
each of the points in Appellant’s pro se brief. 
See generally
Lopez, 283 S.W.3d at 481 (undertaking independent review of record “to
determine whether the representation [by the appellant’s retained counsel]
regarding the frivolousness of the appeal was accurate”).

III.  Ineffective Assistance of Counsel

          Appellant contends in his first point
that his trial counsel rendered ineffective assistance.  Specifically, Appellant argues that all of
his consultations with his trial counsel focused on plea discussions; that his
trial counsel did not inquire about or investigate any defenses; that his trial
counsel did not file any motions, formulate a trial strategy, or subpoena any
pertinent evidence; and that an attorney from his trial counsel’s firm, rather
than trial counsel himself, actually tried the case. 

To establish
ineffective assistance of counsel, appellant must show by a preponderance of
the evidence that his counsel’s representation fell below the standard of
prevailing professional norms and that there is a reasonable probability that,
but for counsel’s deficiency, the result of the trial would have been
different.  Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  There is
no requirement that we approach the two-pronged inquiry of Strickland in any particular order, or even address both components
of the inquiry if the defendant makes an insufficient showing on one
component.  See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See Strickland, 466 U.S. at 688–89, 104
S. Ct. at 2065.  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas, 163 S.W.3d at
740; Mallett,
65 S.W.3d at 63. 
A reviewing court will rarely be in a position on direct appeal to
fairly evaluate the merits of an ineffective assistance claim.  Thompson,
9 S.W.3d at 813–14. 
“In the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel’s
actions.”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d
at 63).  To overcome the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id. (quoting Thompson, 9 S.W.3d at 813).  It is not appropriate for an appellate court
to simply infer ineffective assistance based upon unclear portions of the
record.  Mata v. State, 226 S.W.3d 425, 432 (Tex.
Crim. App. 2007).

Here,
although Appellant makes several allegations about his trial counsel’s
representation, he does not cite to any portion of the record that would
arguably support his contention that his trial counsel rendered ineffective
assistance.[4]  And we note that, contrary to Appellant’s
contention, Appellant’s retained trial counsel participated in the trial by
conducting the cross-examination of the State’s first witness and making a
closing argument.  Further, the record is
silent concerning any reasons for trial counsel’s alleged inaction.  Generally, a silent record that provides no
explanation for counsel’s actions will not overcome
the strong presumption of reasonable assistance.  See Rylander v. State, 101 S.W.3d 107,
110 (Tex. Crim. App. 2003); Edwards v.
State, 280 S.W.3d 441, 445 (Tex. App.—Fort Worth 2009, pet. ref’d).  Because
the record is silent as to trial counsel’s strategy and methods used in
discovering and preparing for Appellant’s trial and because the claim of
ineffectiveness is not firmly founded in the record, we must presume that trial
counsel rendered reasonable professional assistance.  See
Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d at 813–14.  Consequently, we overrule Appellant’s first
point.

IV.  Disjunctive Allegations in Indictment

          In his second point, Appellant
contends that his indictment was “inadmissible” because it provided that he
intentionally or knowingly possessed a controlled substance without specifying
between intentional or knowing possession. 
However, it is well-settled that an indictment may properly allege,
disjunctively, that an offense was committed intentionally or knowingly.  See
Hunter v. State, 576 S.W.2d 395, 396 (Tex. Crim. App. [Panel Op.] 1979); see also Tex. Health & Safety Code Ann.
§ 481.115(a) (“[A] person commits an offense if the person knowingly or intentionally possesses a controlled substance listed
in Penalty Group 1.” (emphasis added)).  Thus, we overrule Appellant’s second point.

V.  Sufficient
Evidence of Possession

          In his fourth point, Appellant
contends that the evidence is insufficient to establish that he possessed the
controlled substance.  He points to
testimony by Officer Tracey Crow that she did not actually see Appellant
possess the controlled substance and that she could not tell what was handed to
the alleged buyer.  He also argues that
the State must “negate any other origins of probability or potential possessors
of the controlled substance to remove all reasonable doubt.”[5]

A.  Standard
of Review

          In reviewing the sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); see Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at *14 (Tex.
Crim. App. Oct. 6, 2010) (“[T]he Jackson
v. Virginia standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.”).

B.  Applicable
Law

          “[A] person commits an offense if the
person knowingly or intentionally possesses a controlled substance listed in
Penalty Group 1, unless the person obtained the substance directly from or
under a valid prescription or order of a practitioner acting in the course of
professional practice.”  Tex. Health & Safety Code Ann. § 481.115(a).  Cocaine is a controlled substance listed in
Penalty Group 1.  See id. § 481.102(3)(D) (Vernon 2010).        
“’Possession’ means actual care, custody, control, or management.”  Id. § 481.002(38) (Vernon 2010).

C. 
Analysis

          Appellant points to the testimony by
Officer Crow, but Officer Rafael Salazar’s testimony provides legally
sufficient evidence of possession. 
Officer Salazar testified that he saw Appellant sitting in the driver’s
seat of a van in the K & K Liquor Store parking lot, that a female exited
an undercover vehicle and approached the van, that Appellant opened the door,
and that the female returned to the undercover vehicle and left the scene.  Officer Salazar testified that he then heard
the bust signal over the police radio and that he approached the van in which
Appellant was sitting.  He testified that
he ordered Appellant out of the van, that Appellant tried to walk around the
front of the vehicle, and that he saw Appellant “toss
a clear plastic baggie to the ground.”[6]  Officer Salazar testified that he personally
retrieved the baggie containing the controlled substance after another officer
detained Appellant.  Officer Salazar
testified that the baggie was “maybe a foot away” from Appellant.  Thus, Officer Salazar’s testimony establishes
that Appellant possessed a controlled substance.  We therefore overrule Appellant’s fourth
point.  See Tex. Health & Safety Code Ann. §§ 481.002(38), .115(a); see also Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778.

VI.  “Fictitious” Witness Testimony

          Appellant argues in his third point
that Officer Salazar gave fictitious and perjured testimony.  While the State may not obtain a conviction
through the knowing use of perjured testimony, the appellant bears the burden
of showing that the testimony used by the State was in fact perjured.  Losada v. State, 721 S.W.2d 305, 311 (Tex. Crim.
App. 1986).  “Discrepancies in
testimony alone do not make out a case for perjury.”  Id. at 312.

          In this case, to support his
contention that Officer Salazar gave fictitious testimony, Appellant cites a
portion of Officer Salazar’s testimony where Officer Salazar acknowledged that
his arrest affidavit lists the name of another officer. But Officer Salazar
testified that the inclusion of the other officer’s name was probably a
typographical error made by the undercover officer who typed the
affidavit.  The trier
of fact is the sole judge of the weight and credibility of the evidence, and we
are not free to substitute our judgment for that of the factfinder.  See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied,
129 S. Ct. 2075 (2009); Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000). 
Moreover, to the extent that Appellant offers his own version of events
at the time of his arrest to rebut other parts of Officer Salazar’s testimony,
we note that Appellant did not testify at trial.  The assertions in Appellant’s brief are not
evidence, and we may not consider them as such on appeal.  See
Whitehead v. State, 130 S.W.3d 866, 872 (Tex.
Crim. App. 2004).  Thus, because
Appellant has not met his burden of showing that Officer Salazar’s testimony
was perjured, we overrule his third point.

VII.  Conclusion

          Having denied counsel’s motion to
withdraw and having overruled each of Appellant’s four points, we affirm the
trial court’s judgment.

 

 

                                                                   
 
 
 
 
 
 
 
 ANNE GARDNER

                                                                   
 
 
 JUSTICE

 

 

PANEL:  
 
 
 
 
 
 
 GARDNER, 
 
 
 
 
 
 MCCOY and 
 
 
 
 
 
 MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety Code Ann. § 481.115(a)
(Vernon 2010).





[3]See Anders v. California, 386 U.S. 738, 87 S.
Ct. 1396 (1967).





[4]Appellant’s
citations to the record concern only his reference to the trial court’s refusal
to allow him to change lawyers on the morning of trial. 





[5]This
argument by Appellant is similar to the “reasonable hypotheses” standard for
reviewing circumstantial evidence that required the evidence to exclude every
reasonable hypothesis inconsistent with the appellant’s guilt, but the court of
criminal appeals abolished the “reasonable hypotheses” standard in Geesa v. State, 820 S.W.2d 154, 161 (Tex.
Crim. App. 1991), overruled on other
grounds by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).





[6]Appellant does not
contest that the plastic baggie contained cocaine, and we note that the State
presented evidence that the plastic baggie did in fact contain cocaine.