

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00057-CR

---

BEAU TELLER HOEFLEIN A/K/A                                  APPELLANT
BEAU T. HOEFLEIN

V.

THE STATE OF TEXAS                                               STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Beau Teller Hoeflein a/k/a Beau T. Hoeflein appeals his felony conviction for driving while intoxicated.[2]  After the trial court denied appellant's pretrial motion to suppress evidence, appellant received written admonishments, waived constitutional and statutory rights, judicially confessed, and pled guilty.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2011).

The trial court convicted appellant, and in accordance with a plea bargain, the court placed appellant on a ten-year term of community supervision and imposed several conditions upon the community supervision. Appellant brought this appeal.

On September 9, 2011, appellant's retained appellate counsel filed a motion for leave to withdraw from representing appellant. In the motion, counsel represented that he was "unable to make a compelling argument for reversal . . . despite diligent effort and research." On the same day, counsel filed a motion to extend time to file appellant's brief so that appellant could have time to possibly retain new counsel. On October 6, 2011, we notified appellant through an order that if he desired to file a response to counsel's motion for leave to withdraw, the response was to be filed by November 7, 2011. We explained that if appellant did not file a response, we would assume that he did not intend to do so, and we would consider the appeal. Appellant did not file a response. On December 21, 2011, we sent appellant a letter to inform him that this appeal would be submitted for our consideration on February 1, 2012. We have not received a response to our December 21 letter from appellant.

An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 436–37, 108 S. Ct. 1895, 1900–01 (1988).

"The procedural safeguards of *Anders*[3] and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation."  *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Oldham v. State*, 894 S.W.2d 561, 562 (Tex. App.—Waco 1995, order)).  "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *see Pena v. State*, 932 S.W.2d 31, 33 (Tex. App.—El Paso 1995, no pet.). Rather, a retained attorney, on determining that an appeal is frivolous, must inform the court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule of appellate procedure 6.5.  *See Pena*, 932 S.W.2d at 32; *see also* Tex. R. App. P. 6.5; *Mays v. State*, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.).  We must then determine whether the motion to withdraw satisfies the requirements of rule 6.5.  *See Pena*, 932 S.W.2d at 33.

Counsel's motion to withdraw met the requirements of rule 6.5 because it listed appellant's deadline for filing his brief; included appellant's name, address, and telephone number; and stated that a copy of the motion had been sent to appellant and that appellant had been notified in writing of his right to object to

---

[3]*See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the effect of *Anders*).

the motion. *See* Tex. R. App. P. 6.5(a). Therefore, we grant counsel's motion to withdraw. *See* Tex. R. App. P. 6.5; *Nguyen*, 11 S.W.3d at 379–80. Because appellant has not filed a pro se response or notified us of his intent to retain new counsel in over four months since his counsel filed the motion for leave to withdraw, and because, in the interest of justice, we have reviewed the record and have determined that it does not contain reversible error, we affirm the trial court's judgment. *See Nguyen*, 11 S.W.3d at 380; *see also Lopez*, 283 S.W.3d at 481 ("We know of no rule that obligates us to retain on our docket an appeal which an appellant has represented, through his hired attorney, as frivolous . . . .").[4]

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 9, 2012

---

[4]We note that if appellant is not satisfied with our disposition of his appeal, he may file a pro se petition for discretionary review with the court of criminal appeals within thirty days of this opinion. *See* Tex. R. App. P. 68.1, 68.2(a), 68.3(a), 68.4. In accordance with rule of appellate procedure 48.4, counsel shall notify appellant of this right within five days of this opinion. *See* Tex. R. App. P. 6.5(c), 48.4.