02-11-057-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00057-CR

 

 


 
 
 Beau Teller Hoeflein a/k/a Beau T. Hoeflein
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Beau Teller Hoeflein a/k/a Beau T. Hoeflein appeals his felony conviction for
driving while intoxicated.[2]  After the trial court
denied appellant’s pretrial motion to suppress evidence, appellant received
written admonishments, waived constitutional and statutory rights, judicially
confessed, and pled guilty. The trial court convicted appellant, and in
accordance with a plea bargain, the court placed appellant on a ten-year term
of community supervision and imposed several conditions upon the community
supervision.  Appellant brought this appeal.

          On
September 9, 2011, appellant’s retained appellate counsel filed a motion for
leave to withdraw from representing appellant.  In the motion, counsel
represented that he was “unable to make a compelling argument for reversal . .
. despite diligent effort and research.”  On the same day, counsel filed a
motion to extend time to file appellant’s brief so that appellant could have
time to possibly retain new counsel.  On October 6, 2011, we notified appellant
through an order that if he desired to file a response to counsel’s motion for
leave to withdraw, the response was to be filed by November 7, 2011.  We
explained that if appellant did not file a response, we would assume that he
did not intend to do so, and we would consider the appeal.  Appellant did not
file a response.  On December 21, 2011, we sent appellant a letter to inform
him that this appeal would be submitted for our consideration on February 1,
2012.  We have not received a response to our December 21 letter from
appellant.

          An
attorney, whether appointed or retained, is under an ethical obligation to
refuse to pursue a frivolous appeal.  See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 436–37, 108 S. Ct. 1895, 1900–01 (1988).  “The procedural
safeguards of Anders[[3]] and its progeny do not
apply to retained attorneys and we do not have the same supervisory role in
guaranteeing the attorney’s representation.”  Nguyen v. State, 11 S.W.3d
376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing Oldham v.
State, 894 S.W.2d 561, 562 (Tex. App.—Waco 1995, order)).  “This is so
because by securing retained counsel, the appellant has received all that Anders
was designed to ensure.”  Lopez v. State, 283 S.W.3d 479, 480 (Tex. App.—Texarkana
2009, no pet.); see Pena v. State, 932 S.W.2d 31, 33 (Tex. App.—El
Paso 1995, no pet.).  Rather, a retained attorney, on determining that an
appeal is frivolous, must inform the court that the appeal has no merit and
seek leave to withdraw by filing a motion complying with rule of appellate
procedure 6.5.  See Pena, 932 S.W.2d at 32; see also Tex. R. App.
P. 6.5; Mays v. State, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth
1995, no pet.).  We must then determine whether the motion to withdraw
satisfies the requirements of rule 6.5.  See Pena, 932 S.W.2d at 33.

          Counsel’s
motion to withdraw met the requirements of rule 6.5 because it listed appellant’s
deadline for filing his brief; included appellant’s name, address, and
telephone number; and stated that a copy of the motion had been sent to
appellant and that appellant had been notified in writing of his right to
object to the motion.  See Tex. R. App. P. 6.5(a).  Therefore, we grant
counsel’s motion to withdraw.  See Tex. R. App. P. 6.5; Nguyen,
11 S.W.3d at 379–80.  Because appellant has not filed a pro se response or
notified us of his intent to retain new counsel in over four months since his
counsel filed the motion for leave to withdraw, and because, in the interest of
justice, we have reviewed the record and have determined that it does not
contain reversible error, we affirm the trial court’s judgment.  See Nguyen,
11 S.W.3d at 380; see also Lopez, 283 S.W.3d at 481 (“We know of no rule
that obligates us to retain on our docket an appeal which an appellant has
represented, through his hired attorney, as frivolous . . . .”).[4]

 

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 9, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2011).





[3]See Anders v.
California, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); In re
Schulman, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the
effect of Anders).





[4]We note that if appellant
is not satisfied with our disposition of his appeal, he may file a pro se
petition for discretionary review with the court of criminal appeals within
thirty days of this opinion.  See Tex. R. App. P. 68.1, 68.2(a),
68.3(a), 68.4.  In accordance with rule of appellate procedure 48.4, counsel
shall notify appellant of this right within five days of this opinion.  See
Tex. R. App. P. 6.5(c), 48.4.