

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00370-CR
### NO. 02-16-00371-CR
### NO. 02-16-00377-CR

JACOB OWEN EDWARDS                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NOS. CR-2014-07164-B, CR-2014-09118-B, CR-2012-08863-B

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jacob Owen Edwards appeals the revocation of his community supervision and his convictions for driving while intoxicated (DWI) with a previous DWI conviction and driving while license invalid with a prior conviction for driving

---

[1]*See* Tex. R. App. P. 47.4.

while license invalid.  *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2016); Tex. Transp. Code Ann. § 521.457(a), (f-1) (West 2013).

Appellant was arrested in 2012 for DWI, pleaded nolo contendere, was found guilty, and was sentenced to 170 days in jail and assessed a fine of $500; the trial court suspended the sentence and placed Appellant on community supervision for sixteen months beginning in January 2014.  In May 2014, while Appellant was still on community supervision, he was arrested and charged with DWI[2] with a previous DWI conviction and driving while license invalid with a prior conviction for driving while license invalid.[3]  The State filed a first amended motion to revoke, alleging that Appellant had violated a term of his community supervision by committing the two new offenses.

The trial court held a combined revocation hearing and non-jury trial.  At the hearing, Appellant pleaded true to each of the allegations in the State's first amended motion to revoke, and the trial court found the allegations to be true. The trial court revoked Appellant's community supervision in the 2012 DWI case, sentenced him to 150 days in jail, and assessed a fine of $76.  The trial court accepted Appellant's open pleas of guilt in the DWI repetition case and in the

---

[2]The record contains a written stipulation in which Appellant stipulated that the results of his blood draw from May 14, 2014, reflected .202 grams of alcohol per 100 milliliters of blood and that he was intoxicated while driving.

[3]The information filed in the case for driving while license invalid with a prior conviction for driving while license invalid reflects that Appellant's previous conviction was from May 26, 2011.

driving while license invalid with a previous conviction case; found Appellant guilty of both offenses; and sentenced him to 180 days in jail and 90 days in jail, respectively. Appellant then appealed.

Appellant's brief was originally due January 17, 2017. Three extensions of time were granted, extending the deadline for Appellant's brief to April 17, 2017. On April 20, 2017, we received a letter from Appellant's retained appellate counsel stating, with no explanation, that he would not be submitting a brief on Appellant's behalf, instead requesting that this court rule on the appeal "based on the appellate record as it exists now." We then abated the appeal and remanded the case to the trial court for the trial court to conduct a hearing with Appellant and his retained appellate counsel present and to make findings regarding whether Appellant intended to prosecute the appeal, whether Appellant was indigent and should be appointed new counsel, and if not, whether retained counsel had abandoned the appeal.

At the abatement hearing, retained counsel told the trial court that he believed there were no non-frivolous issues that he could raise on appeal. The trial court nevertheless found that Appellant wanted to prosecute his appeal, was not indigent, and did not wish to seek new counsel or continue the appeal without counsel.

Upon receipt of the supplemental record, we issued an order stating that "if retained counsel still believes that there are no nonfrivolous grounds to raise on appeal—and [A]ppellant still does not wish to proceed pro se—we order retained

3

counsel [] to file a motion to withdraw in compliance with rule 6.5 as described in *Ho[e]flein*."[4]

On July 10, 2017, Appellant's retained appellate counsel filed a motion to withdraw as attorney of record. In the motion, counsel represented that he was "unable to find any arguable ground of error, as defined by *Anders*."[5] On July 14, 2017, we notified Appellant through an order that if he desired to file a response to counsel's motion, the response was to be filed by August 14, 2017. We explained that if Appellant did not file a response, we would assume that he did not intend to do so and that the State would have thirty days to respond. We stated that after the State filed a response or notified this court that it declined to respond, we would consider the appeal without briefing. We further stated that if instead of filing a pro se response Appellant obtained new counsel, he should notify this court immediately. Appellant did not file a response, nor did he notify this court that he had retained new counsel. The State filed a letter waiving a response.

---

[4]*See Hoeflein v. State*, No. 02-11-00057-CR, 2012 WL 407383, at *1 (Tex. App.—Fort Worth Feb. 9, 2012, no pet.) (mem. op., not designated for publication) (setting forth procedure utilized when retained appellate counsel is "unable to make a compelling argument for reversal . . . despite diligent effort and research").

[5]*See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*).

4

An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 436–37, 108 S. Ct. 1895, 1900–01 (1988). "The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys[,] and we do not have the same supervisory role in guaranteeing the attorney's representation." *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *see Pena v. State*, 932 S.W.2d 31, 33 (Tex. App.—El Paso 1995, no pet.). Rather, a retained attorney, on determining that an appeal is frivolous, must inform the court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule of appellate procedure 6.5. *See Pena*, 932 S.W.2d at 32; *see also* Tex. R. App. P. 6.5; *Mays v. State*, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.). We must then determine whether the motion to withdraw satisfies the requirements of rule 6.5. *See Pena*, 932 S.W.2d at 33.

Here, retained counsel's motion to withdraw does not meet rule 6.5's requirements because it does not contain the deadline for Appellant to file a pro se brief, Appellant's last known address and telephone number, a statement that a copy of the motion was sent to Appellant, or a statement that Appellant was notified in writing of his right to object to the motion. *See* Tex. R. App. P. 6.5(a)(1)–(4). The certificate of service also does not state that the motion was

5

delivered to Appellant in person or mailed—both by certified and first-class mail—to the party at the party's last known address. *See* Tex. R. App. P. 6.5(b). Accordingly, we deny retained counsel's motion to withdraw.[6] *See* Tex. R. App. P. 6.5(a)–(b); *Hinkle v. State*, No. 02-14-00274-CR, 2015 WL 1407747, at *1 (Tex. App.—Fort Worth Mar. 26, 2015, no pet.) (mem. op., not designated for publication); *Onick v. State*, No. 02-09-00130-CR, 2010 WL 4676992, at *1 (Tex. App.—Fort Worth Nov. 18, 2010, no pet.) (mem. op., not designated for publication).

However, this court sent Appellant a copy of our July 14, 2017 order, which gave him notice that his retained counsel had filed a motion to withdraw and informed Appellant of his deadline for filing a response to counsel's motion. Moreover, the supplemental reporter's record containing the transcript from the abatement hearing reflects that Appellant was happy with retained counsel's representation of him, that retained counsel had advised him that by pleading guilty there would be little to appeal, and that Appellant was not surprised that retained counsel did not find anything to appeal. In the three months since that order, Appellant has not filed a pro se response or notified us of his intent to retain new counsel.

---

[6]Having denied counsel's motion to withdraw, we order counsel to inform Appellant promptly of the disposition of this case and the availability of discretionary review. *See Rivera v. State*, 130 S.W.3d 454, 461 (Tex. App.—Corpus Christi 2004, no pet.).

6

"[W]e know of no rule that obligates us to retain on our docket an appeal which an appellant has represented, through his hired attorney, as frivolous simply because appellant failed to respond to his attorney's motion to withdraw." *Torres v. State*, 271 S.W.3d 872, 874 (Tex. App.—Amarillo 2008, no pet.). Yet, in the interest of justice, we have independently examined the record, and we discern no arguable issue that could warrant reversal. *See id.* Thus, we affirm the trial court's judgments. *See id.*; *Hinkle*, 2015 WL 1407747, at *2.

PER CURIAM

PANEL:  WALKER, J.; SUDDERTH, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017