

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00262-CR
No. 02-25-00263-CR

———————————————————

LANCE EARL DARDEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1827769, 1840558

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Lance Earl Darden pleaded guilty in two cases to assault on a pregnant person, a third-degree felony, in exchange for six years' deferred-adjudication community supervision and a $600 fine. *See* Tex. Penal Code Ann. § 22.01(b)(8); *see also id.* § 12.34 (stating third-degree felony punishment is 2–10 years' confinement and up to a $10,000 fine).

Less than a year later, the State moved to proceed to adjudication in each case, alleging six community supervision violations but abandoning four of the allegations at the revocation hearing. Darden pleaded "not true" to the remaining two allegations, but the trial court found both true, revoked his community supervision in each case, and assessed his punishment at eight years' confinement in each case, to be served concurrently. The trial court did not pronounce any fines at sentencing but made a special finding in the judgment in trial court cause number 1827769 (appellate cause number 02-25-00262-CR) for a $595 fine and ordered it to be credited for time served. Darden has appealed both of the trial court's judgments.

In each case, Darden's appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*,[1] representing that he has reviewed the appellate record and that it "reveals no ground that could be argued non-frivolously on appeal." These filings meet the requirements of *Anders* by presenting a

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), by informing Darden by certified mail of his right to file a pro se response and how to obtain a copy of the appellate record, his right to file a petition for discretionary review in the Court of Criminal Appeals should this court affirm the trial court's judgments, and the deadline to file a petition for discretionary review.

However, the record reflects that after the trial court appointed appellate counsel for him, Darden opted to retain his own appellate counsel. We have previously addressed this type of situation—when retained counsel files an *Anders* brief and motion to withdraw—observing,

> An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 436–37, 108 S. Ct. 1895, 1900–01 (1988). "The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys[,] and we do not have the same supervisory role in guaranteeing the attorney's representation." *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *see Pena v. State*, 932 S.W.2d 31, 33 (Tex. App.—El Paso 1995, no pet.). Rather, a retained attorney, on determining that an appeal is frivolous, must inform the court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule of appellate procedure 6.5. *See Pena*, 932 S.W.2d at 32; *see also* Tex. R. App. P. 6.5; *Mays v. State*, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.). We must then determine whether the motion to withdraw satisfies the requirements of rule 6.5. *See Pena*, 932 S.W.2d at 33.

*Edwards v. State*, Nos. 02-16-00370-CR, 02-16-00371-CR, 02-16-00377-CR, 2017 WL 4819377, at \*2 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op., not designated for publication).[2]

Darden has filed a pro se response to his retained counsel's motion, and—as in *Edwards*—we have performed an independent review of the record. Neither reveals any arguable grounds to support the appeals.[3] *See id.* at \*3; *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring an independent review of the record when an *Anders* is filed).

---

[2]In *Edwards*, we concluded that counsel's motion to withdraw did not meet Rule 6.5's requirements because it did not contain the deadline for the appellant to file a pro se brief, the appellant's last known address and phone number, a statement that a copy of the motion had been sent to the appellant, or a statement that the appellant had been notified in writing of his right to object to the motion. 2017 WL 4819377, at \*2 (citing Tex. R. App. P. 6.5(a)). The certificate of service also failed to state that the motion had been delivered to the appellant in person or by certified and first-class mail at his last known address. *Id.* (citing Tex. R. App. P. 6.5(b)). We nonetheless affirmed the trial court's judgments because this court had sent to the appellant notice that his retained counsel had filed a motion to withdraw and had informed the appellant of his deadline to file a response to his counsel's motion; the appellant never filed a pro se response or notified the court that he intended to retain new counsel; and, after an independent review of the record, we found no arguable issues for reversal. *Id.* at \*3. Like the appellate counsel in *Edwards*, retained counsel here has not complied with all of Rule 6.5's requirements. *See generally* Tex. R. App. P. 6.5(a), (b).

[3]The State has not filed a response but agreed with Darden's retained counsel in a letter filed with this court that Darden "has no meritorious grounds upon which to advance an appeal in this case."

In his pro se response, Darden complains that when he went before the trial court, he "wasn't aware that [he] would get more time" but rather was "only aware that [he] was going in front of the [j]udge to try and get reinstated" because the complainant was going to testify that he had actually been innocent. However, his deferred-adjudication plea bargains' written plea admonishments explained that the range of punishment for assault of a pregnant person was "[i]mprisonment for a term of not more than 10 years or less than 2 years" and contained his signed judicial confession in which he stated that he understood "the applicable ranges of punishment."

Further, at the hearing on the State's motions to proceed to adjudication, the prosecutor asked Darden if the complainant was there to testify for him and if Darden had conversed with her about saying that "none of this happened." Darden agreed that they had, even though he acknowledged that "[i]t did happen." Ultimately, Darden opted not to call the complainant to testify, asked the trial court to consider reinstating his probation, and acknowledged that he understood that the trial court could reinstate him or could sentence him to a term of confinement.

Darden also appears to complain about the effectiveness of his counsel at the hearing, but the record does not support his contentions or reflect the reasoning supporting counsel's alleged actions or inactions. *Cf. Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (explaining that trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"). The remainder of his complaints appear pertain to the effectiveness of his trial counsel

5

during his original deferred-adjudication plea bargain and thus are not preserved in this direct appeal. *See generally Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *Manuel v. State*, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999); George E. Dix & John M. Schmolesky, 43B Tex. Prac., Criminal Practice & Procedure § 56:86 (3d ed. 2024) (explaining that issues relating to the original proceedings that resulted in community supervision may be raised only in an appeal from the order entered at the end of those proceedings and not in a subsequent appeal taken after community supervision is terminated and imprisonment imposed).[4]

Finally, based on our independent review, except for a minor correction to the judgment in trial court cause number 1827769, addressed below, we agree that the appeals are frivolous and without merit; we find nothing in the record that might arguably support them. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The judgment in trial court cause number 1827769 identified a $595 fine, but it was not orally pronounced during sentencing. *Cf. Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment."); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (requiring fines to be orally pronounced in the defendant's presence). Because this fine was not

---

[4]In addition to his written plea admonishments, Darden signed the certifications of his right of appeal, which stated that the deferred-adjudication orders arose from "a plea-bargain case, and the defendant has NO right of appeal."

orally pronounced when the trial court assessed Darden's sentence after revoking his deferred-adjudication community supervision, we delete it from the judgment in trial court cause number 1827769. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

We deny counsel's motion to withdraw in each case for failure to comply with Rule 6.5,[5] but we nonetheless affirm the trial court's judgment in trial court cause number 1840558 and affirm the trial court's judgment as corrected in trial court cause number 1827769 because we discern no arguable issue that could warrant reversal. *See Edwards*, 2017 WL 4819377, at *3.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 12, 2026

---

[5]Having denied counsel's motions to withdraw, we order counsel to inform Darden promptly of these cases' dispositions and to remind him of the availability of discretionary review in the Court of Criminal Appeals. *See Edwards*, 2017 WL 4819377, at *2 n.6.